THE STATE, EX REL. WESLEY GIBBS ET AL., v. THE MAYOR AND COUNCIL OF THE BOROUGH OF SOMERS POINT, GEORGE A. ANDERSON ET AL.

An information in nature of *quo warranto* against a corporation must be prosecuted in the name of the attorney-general alone, and cannot be joined with an information at the instance of private relators against officers in a corporation.

On information in nature of *quo warranto.*

The information in the name of the attorney-general of the state, at the relation of Wesley Gibbs, John B. Somers and others, state the proceedings under "An act for the formation of borough governments in seaside resorts," approved March 29th, 1878, by which an election was had April 24th, 1886, resulting in favor of establishing an incorporated borough in Egg Harbor township, Atlantic county, by the name of "The Mayor and Council of the Borough of Somers Point," and the selection of George C. Anderson for mayor, John Townsend and others for council, and a clerk, assessor and other officers; that these officers are exercising the duties of their several offices under the claim that the borough government has been duly incorporated by virtue of the proceedings under said statute; that the action taken was not in compliance with the terms of the act, and that therefore the said

borough is not a corporation *de jure;* and the mayor and council have usurped, and unlawfully assume to hold, exercise and enjoy the franchises of a corporation of this state, contrary to law. Whereupon the attorney-general, at the relation of Wesley Gibbs and others, residents and property owners within the pretended borough limits, filed this information against the said " The Mayor and Council of the Borough of Somers Point" and George C. Anderson, John Townsend and others, to answer by what warrant they the said " The Mayor and Council of the Borough of Somers Point" claim to hold, use, exercise and enjoy the franchises of a municipal corporation, and by what warrant the said George C. Anderson and others claim to hold, use, exercise and enjoy the aforesaid offices, and the liberties, privileges and franchises thereof.

An order to plead having been granted, the respondents demur to the information, and for specification of causes of demurrer, on demand made therefor, say that the information does not disclose or show any right or cause of action in the relators, or any or either of them, to forfeit or cause to be forfeited the franchises and rights of the mayor and council, or that the said officers have usurped and intruded, or unlawfully hold or exercise any office or franchise, or that the relators show any right to exhibit or prosecute an information under this statute, or otherwise, for that the said information only shows a cause in which the attorney-general may prosecute an information in behalf of the state, *ex officio,* at his own instance, and not in behalf of the relators, or any or either of them.

Argued at February Term, 1887, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and REED.

For the relators, *D. J. Pancoast.*

For the defendants, *Thompson & Endicott.*

The opinion of the court was delivered by

SCUDDER, J.  The distinction between an information in the nature of a *quo warranto* by the attorney-general, *ex officio*, and without leave, in behalf of the state or sovereign, and an information of like nature in behalf of private relators, by leave of the court, has been frequently stated in judicial decisions and seems to be well established.  The statute of 9 *Anne, c.* 20, which has been adopted, in substance, by our statute of March 17th, 1795 (*Rev., p.* 905), and made more speedy and effectual in its operation by the act of May 9th, 1884 (*Rev. Sup., p.* 819), refers to the latter remedy against usurpers and intruders into office at the relation of any person or persons desiring to sue or prosecute the same with the leave of the court; while the former proceeding is a common law vindication of the sovereign prerogative to grant franchises, to oust all who usurp them without legal authority, and forfeit such franchises when illegally obtained or exercised, on the mere motion of the law officer who represents the sovereign or state.  This information by the attorney-general is the successor of the ancient original writ of *quo warranto*, called the king's writ of right for franchises and liberties, which has become obsolete.  We find an early statement of the construction and application of the statute of Anne in 3 *Bac. Abr.* 644: "This act extends only to individuals usurping offices and franchises in a corporation, and not to the corporation itself as a body; if a corporation, as a corporation, usurp upon the crown, the information must be by and in the name of the attorney-general in behalf of the crown." It cites *Rex* v. *Carmarthen,* 2 *Burr.* 869 ; *S. C.,* 1 *W. Bl.* 187. In the latter report of the case it is said Lord Mansfield put this question : "Whether an informer has a right to come into this court to demand a trial whether or no any corporation in the kingdom is dissolved ? "

In conformity with this interpretation of the statute, informations at the instance of private relators have only been used against officers in corporations, and not against the corporate bodies themselves.  In every case where the question has been

raised, it has been held that the information will not lie on the relation of an individual against a corporation as a body, and that this should always be in the name of the attorney-general alone. *Rex* v. *Ogden*, 10 *B. & C.* 230; *King* v. *White*, 5 *Ad. & E.* 613; *King* v. *Parry*, 6 *Ad. & E.* 810; *Rex* v. *Cusike*, 2 *Rolle* 113, 115; *People* v. *Richardson*, 4 *Cow.* 97, 109; 6 *Com. Dig. tit.* "*Quo Warranto*" (*C.* 3).

This difference in the form of procedure has been commented on and recognized in the courts of our state. *State* v. *Paterson and Hamburg T. Co.*, 1 *Zab.* 9; *State* v. *Utter*, 2 *Green.* 84; *State* v. *Brown*, 2 *Vroom* 355; *State* v. *Tolan*, 4 *Vroom.* 195; *Attorney-General* v. *Del. and Bound Brook R. R. Co.*, 9 *Vroom* 282; *Nat. Dock R. Co.* v. *Central Railroad*, 5 *Stew. Eq.* 755; *Terhune* v. *Potts*, 18 *Vroom* 218; *Stout* v. *Zulick*, 19 *Vroom* 599.

Although in some cases leave has been given to file an information in the nature of a *quo warranto* at the instance of a private relator against persons claiming to be officers of corporations, where the effect of an ouster by the judgment of the court might incidentally defeat the corporation in its action and purpose, yet in no case has there been a direct proceeding against the corporation to challenge its legal existence except in the name of the attorney-general alone, prosecuting the action in the name of the state. This is alike the rule in cases against public and private corporations. 2 *Dill. Mun. Corp.*, §§ 890, 894, 895; *Field on Corp.*, §§ 452, 457; *Ang. & A. on Corp.*, §§ 733, 736.

If such be the law, then the formal joinder of the name of the attorney-general with the names of private relators in the prosecution of this information, and the call on both the corporation and its officers to show by what warrant they execute the franchises of a borough commission and of borough commissioners, are an attempt to use the two forms of information in one proceeding. The pleading in this form is illegal, and the demurrer will be sustained.