JOSEPH E. BUCK, PROSECUTOR, v. THOMAS DOUGLASS ET AL.

Submitted December 11, 1906—Decided February 25, 1907.

1. Until a state census is promulgated as provided by law, it is not operative as a basis for fixing the number of members of a township committee, which may be elected under the act approved February 26th, 1903.

2. The act approved April 28th, 1905 (*Pamph. L.*, *p.* 360), permits township committees to impose a license in the cases mentioned in it for revenue.
3. An ordinance having been legally adopted providing for a license fee, in the given case, the issuance of the license to any person entitled thereto, upon the payment of the required fee, is a ministerial act, and may be performed by the official designated for that purpose.

On *certiorari.*

Before Justices FORT, PITNEY and REED.

For the prosecutor, *Chauncy H. Beasley.*

For the defendant, *Sherrerd Depue.*

The opinion of the court was delivered by

FORT, J. This is a rule to show cause why a writ of *certiorari* should not issue.

The prosecutor is a truck farmer in the township of Bernards.

That township, by its township committee, passed an ordinance, approved March 1st, 1906, requiring peddlers' licenses to be taken out for certain kinds of peddlers in that township.

The prosecutor contends that he has been compelled to take out a license under this ordinance, and he challenges the right of the township committee to pass the ordinance upon several grounds, the first of which is that the township committee itself, at the time it passed the ordinance, was not a legal body, because it was composed of five members, when by law three members constituted a legal township committee in the township of Bernards.

The statute provides that in every township having a population of forty-five hundred there shall be five members of the township committee. *Pamph. L.* 1903, *p.* 21.

Bernards township, prior to 1905, had had three members of the township committee, but at the election in 1905, to give it the number provided for by the act of 1903, *supra,*

two additional members were elected, on the ground that the population of the township was at that time forty-five hundred.

The census of 1905 was not promulgated at the time of the election, in November, 1905, and hence it is contended that while the census taken in 1905 showed a population of over forty-five hundred, still, until such census was promulgated, it was not operative for the purpose of electing members of the township committee.

This would seem to be the rule laid down in the cases in this state. *In re Sewer Assessment of Passaic,* 25 *Vroom* 156; *Marlin* v. *Ivins,* 30 *Id.* 364.

By statute it is provided that the census taken under the authority of the state shall be considered as promulgated and take effect on the date when the secretary of state transmits to the legislature a general account of the enumeration, specifying the results thereof, as required by law. *Pamph. L.* 1901, *p.* 321. But this question cannot be raised by the prosecutor as to the legality of the committee. There were three members of the committee unquestionably *de jure,* and two appear to be acting *de facto,* if not *de jure.* They constituted the municipal corporation of the township of Bernards, and the corporation, as such, cannot be attacked by a prosecutor in *certiorari,* even if the body exercising the corporate franchise is only composed of *de facto* officers. *Halloway* v. *Dickerson,* 40 *Vroom* 72.

*Quo warranto,* in such cases, is the only remedy. *Howe* v. *Board of Education,* 43 *Vroom* 158; *McFall* v. *Dover,* 41 *Id.* 518.

Objection is also made to the method in which the township committee proceeded to exercise the licensing power under the ordinance brought up, the contention being that the fee imposed is greater than that which may be imposed for a license, and is in fact imposed for revenue. The statute appears to be broad enough to authorize the imposition of fees for revenue. *Pamph. L.* 1905, *p.* 360. The statute is a complete answer, therefore, to this objection.

The next objection is that the committee had no power to

issue licenses except upon a resolution adopted by the committee in each case licensing each applicant. The power to license being fixed and the fee fixed, the act of issuing the license is a purely ministerial act, and any officer may be deputed to issue it in accordance with the terms of the license. This is a universal practice in all municipalities and is lawful.

It is contended by the prosecutor that the license fee exacted of him was illegal, even if the ordinance was legal, because he was selling the produce of his own farm, and therefore was exempted from license by the terms of the ordinance, which exempted "farmers and gardeners selling the produce of their own farms or crops." If this be true, he was not first required to take out a license, and if he had not taken out a license and had been sued for the penalty, this would have been a complete defence. Having elected to take out the license rather than submit to suit, he cannot test the legality of the fee imposed in this way. He could have submitted to a prosecution for the penalty, and, if it had been imposed, removed the proceeding in which it was imposed into this court, and have determined that question in that way.

There being no ground for the allowance of the writ in this case, the rule to show cause is dismissed and the writ denied.