Jones, J.
 

 It is not disputed that Mick was elected at the November election in 1925 to serve as council
 
 *413
 
 man at large for the city of Hamilton for a period of two years from January' 1, 1926; nor is it disputed that the respondents, under the provisions of the city charter adopted in 1926, were elected as councilmen of the city at the ensuing municipal election in 1927. The relator claims that, because of the non-adoption of the city charter by a majority of the votes cast, there was in fact no valid charter under which respondents could be elected, and consequently that respondents are illegally usurping an office having no legal existence. The relator therefore contends that he is entitled to hold his office as councilman at large until a successor is qualified, under Section 8 of our General Code.
 

 There are no statutory provisions which provide for contesting the adoption or rejection of a city charter. Such being the case, the relator contends that, having no other adequate remedy to secure his title, he may invoke the writ of
 
 quo warranto
 
 as a proper remedy, not only to determine the title of the respondents to office, but also to contest the validity of the charter election held in 1926, by offering proof showing that the charter was not in fact adopted by a majority of the electors voting at that election.
 

 This action is brought, not by a public officer of the state, but by the relator in his individual capacity. The vital question here to be determined is whether Mick, merely in his private relation, can assail the validity of the charter by attempting to show that its adoption in 1926 was not secured by a majority of the votes cast. In
 
 State, ex rel. Lindley,
 
 v.
 
 The Maccabees,
 
 109 Ohio St., 454, 142 N. E., 888, the writer of this opinion endeavored to show the
 
 *414
 
 distinction between the use of the writ by private individuals and the use by those representing the state; and it was there stated that, while a claimant could invoke
 
 quo warranto
 
 if the title of his office was involved, the writ could not be invoked for the purpose of questioning the misuse or usurpation of franchises granted by the state, except by the specified public officers acting for and in the name of the state. Under Section 12307, General Code, a person in his individual capacity cannot utilize it for the purpose of nullifying corporate franchises or voiding corporate existence, whether the corporation be private or municipal; nor can it be used to invalidate a charter election by attempting to prove that the charter was not adopted by a majority of the votes cast. Except where title to an office is involved, wherein a private relator may proceed in
 
 quo warranto,
 
 the use of the writ, as at common law, remains in the state or its officers; and, under our code of civil procedure, where public interests are involved, the writ may only be invoked by the attorney general or the prosecuting attorney under the provisions of Section 12305, General Code.
 

 While ostensibly this is an action to try the respective titles of the relator and the respondents to office, it is in fact an attack upon the corporate functions and legal existence of a municipal” charter creating councilmanic offices and depriving the relator of the office he formerly held. If the contention of the relator may be sustained, it can be sustained only for the reason that no valid charter exists, and that therefore the city of Hamilton can exercise no powers thereunder. This action, brought by the relator as an individual, impinges upon the
 
 *415
 
 administrative life of the city; a judgment in his favor would affect not only the municipal powers granted by the charter, but the title to all the offices created by the charter would remain under a cloud by reason of the judgment. The office which the relator held is not the same office now held by the respondents. The relator was a councilman at large, the respondents are councilmen only. Should we oust the respondents from office and induct the relator, would he then contend that only'he himself should be inducted, or would he insist that the entire councilmanic regime existing on January 1, 1926 — those who are not parties to this suit — should also be inducted into office? In fact, this proceeding is not one to try title to the office of councilman at large, but title to a new office, that of councilmen created by the city charter. Such being the case, the relator is not entitled to employ the writ of
 
 quo warranto
 
 under Section 12307, General Code, since the office from which he seeks to oust the respondents is not the same office he held prior to, the adoption of the city charter.
 

 State, ex rel. Heer,
 
 v.
 
 Butterfield,
 
 92 Ohio St., 428, 111 N. E., 279, was a case brought by a relator in his individual capacity, and, while the attack upon the city charter was upon its constitutional invalidity, rather than upon the method of its adoption, the principle announced applies with equal force to the instant case. It is there held in the syllabus that “an action to annul the charter of a municipality on the ground that it was illegally adopted or that it violates the Constitution must be brought in the name of the state by an officer duly authorized in that behalf.”
 

 
 *416
 
 It is obvious that the present action is but an indirect, collateral attack on the charter and upon the existing municipal government. This cannot be done by an individual on his private relation.
 
 City of Topeka
 
 v.
 
 Dwyer,
 
 70 Kan., 244, 78 P., 417, 3 Ann. Cas., 239;
 
 State, ex rel. Cherokee-Lanyon Spelter Co.,
 
 v.
 
 Shufford,
 
 77 Kan., 263, 94 P., 137, and
 
 Brennan
 
 v.
 
 City of Weatherford,
 
 53 Tex., 330, 37 Am. Rep., 758, where it is held in the syllabus: “In a proceeding where the question, whether a corporation exists or not, arises collaterally, the courts will not permit the corporate character to be questioned, if it be acting under color of law, and recognized by the state as such. Such question can only be raised by the state itself, by
 
 quo warranto
 
 or other direct proceeding.”
 

 Whether in the. absence of statutes providing for contest of charter elections
 
 quo warranto
 
 may be invoked by the state we do not now decide; but in such event the writ could be invoked, if at all, only by the state through its public officers. This view is sustained by the overwhelming weight of authority. Among other cases supporting it are
 
 State, ex rel. Bales,
 
 v.
 
 Bailey,
 
 106 Minn., 138, 118 N. W., 676, 19 L. R. A. (N. S.), 775, 130 Am. St. Rep., 592, 16 Ann. Cas., 338;
 
 State, ex rel. Gibbs,
 
 v.
 
 Borough of Somers Point,
 
 49 N. J. Law, 515, 10 A., 377;
 
 Holloway
 
 v.
 
 Dickinson,
 
 69 N. J. Law, 72, 54 A., 529; 21 L. R. A. (N. S.), 685, containing a comprehensive note with citations upon this subject;
 
 State, ex rel. Steelman,
 
 v.
 
 Vickers,
 
 51 N. J. Law, 180, 17 A., 153, 14 Am. St. Rep., 675. In the last case cited a suit in
 
 quo warranto
 
 was brought at the instance of private relators to test the right of a defendant to the office
 
 *417
 
 of common councilman, wherein the act creating the borough was attacked because of unconstitutional validity. The syllabus is as follows:
 

 “1. An officer of a
 
 de facto
 
 municipality cannot be ousted, at the instance of a private relator in
 
 quo warranto,
 
 on the ground that such public corporation has no legal existence.
 

 “2. Such existence cannot be called in question, either directly or indirectly, at the instance of a private person, but only by the interposition of the attorney general, acting for the state.”
 

 Commenting upon a status similar to that in the case at bar, the Chief Justice of the New Jersey court said: “It will be perceived that the theory of the relators ’ case is, that inasmuch as there is no legal municipality in existence in this instance, there can be,
 
 ex necessitate,
 
 no such office as common councilman appurtenant to it, the inference, of course, being that the defendant is illegally arrogating such position. * * * If this defendant is to be ousted from his office of common councilman, on the ground that the corporation has no life, so, for the same reason, can his associates be removed from their posts; and the same fate would await all the other functionaries of the borough, and thus this local government would, for all useful purposes, be at an end.”
 

 The mischief resulting from such an indirect attack by a private individual can readily be seen, for, while a judgment of ouster in favor of the private relator would affect only the parties to the suit, a judgment in an action in
 
 quo warranto
 
 brought on behalf of the state through its public officers would be conclusive against a future or collateral attack, and would determine, once for all, the legal existence
 
 *418
 
 of the municipal charter and the right to exercise the franchises and powers conferred thereby.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Matthias, Day and Allen, JJ., concur. -
 

 Robinson, J., not participating.