Marshall, C. J.
 

 This is an original suit in this court, seeking to invoke the jurisdiction of the court to obtain a writ of prohibition. The relator alleges that he is a member of the municipal civil service commission of the city of Lorain, whose term of office does not expire until December 31, 1933, and that he is duly qualified and acting as such commissioner. He seeks by this application for the writ of prohibi
 
 *104
 
 tion to restrain the mayor of the city of Lorain from further proceeding in the exercise of a
 
 quasi
 
 judicial function reposed in the mayor to remove relator from his membership as such civil service commissioner. It is conceded that the mayor has certain powers of removal which are conferred by Section 486-19, General Code, which provides in part as follows:
 

 “The chief executive authority of such city may at any time remove any municipal civil service commissioner for inefficiency, neglect of duty, or malfeasance in office, having first given to such commissioner a copy of the charges against him and an opportunity to be publicly heard in person or by counsel in his own defense, and any such act of removal shall be final.”
 

 Acting upon that statutory authority, the mayor served upon relator a notice as follows, to wit:
 

 “June 5, 1930. As mayor of the city of Lorain, I find that you are inefficient to serve as a member of the Civil Service Commission of the City of Lorain, in this, that you have not the ability to prepare and conduct the necessary examinations required under the Code, and have not the qualifications required of a member of said commission.
 

 “If you desire to be heard publicly in person or by counsel in your own defense you may do so at 9 o’clock Wednesday morning, June 11, 1930, at the office of the mayor of the city of Lorain.
 

 “Pending such hearing, you are hereby removed from said office.
 

 “Dated this 5th day of June, 1930.”
 

 The relator complains that this notice does not sufficiently advise him of the nature of the charges
 
 *105
 
 against tóm, and that by reason of such alleged insufficiency the so-called charges constitute no charges whatsoever, and should be treated as a nullity, and are not even sufficient to put the relator upon his defense. Relator therefore did not appear at the time and place set for the hearing on June 11, 1930, and the mayor therefore removed him from office on June 11, 1930, and appointed a successor, who has ever since been, performing the duties of said office.
 

 Relator contends that he is. entitled to be advised of the particulars constituting his alleged lack of ability and lack of qualifications, and cites as authority the case of
 
 State, ex rel. Nolan,
 
 v.
 
 ClenDening,
 
 93 Ohio St., 264, 112 N. E., 1029. That case was one seeking to remove an official on the ground of misconduct, and this court held that the charges did not allege any acts of misconduct, and that the board which was a defendant in that proceeding was without jurisdiction to hear and determine the charges.
 

 A civil service commissioner is required to conduct examinations relating to educational qualifications of applicants, and the mere statement of want of ability or want of qualifications for the discharge of such functions is, in the nature of things, as full and complete an affirmative statement as could practically be made. The situation is entirely different from that where charges of misconduct are made and where the acts constituting the misconduct are capable of statement.
 

 In any event, relator might have asked for specifications, and might, in any event, have appeared at the hearing prepared to show his educational qualifications. This he did not see fit to do. It is only by
 
 *106
 
 virtue of our Code of Civil Procedure that any defendant is entitled to ask that a pleading be made definite and certain, and by the provisions of the same Code no one can complain that a pleading is indefinite or uncertain, unless some effort has been made on his part to require the same to be made definite and certain. This rule must apply with all its force to the relator in this case. It must therefore be held that relator was advised of the charges against him with such sufficient definiteness and certainty that this court may not say that the notice was such nullity as not to invoke the jurisdiction of the mayor.
 

 There is another reason why this court may not grant to the relator the relief he seeks. The petition alleges, and the answer alleges in greater detail, that the mayor has already acted by proceeding to hear the matter on June 11th and by making an order of removal and appointing a successor' to the office. Prohibition is a preventive writ which has been provided to prevent a court exercising judicial powers; or any other tribunal authorized to exercise
 
 quasi
 
 judicial powers from proceeding in a matter which it is not authorized to hear and determine, or in which it seeks to usurp or exercise a jurisdiction with which it has not been invested by law. Being preventive rather than corrective, it may only be invoked to prevent the commission of a future act, and not to undo an act which is already performed.
 

 This principle has been decided in numerous cases, though never before decided by this court. The courts of last resort of not less than eighteen other states have declared this principle, and it has also been declared in several decisions of the United
 
 *107
 
 States Supreme Court. Without referring to the numerous decisions in detail, it is sufficient to state that in
 
 Ex parte Joins,
 
 191 U. S., 93, 24 S. Ct., 27, 48 L. Ed., 110, it was held that the writ of prohibition will not issue where the respondent had already rendered its judgment before the application for prohibition was heard. It is contended, however, by relator, that because the application for the writ was made before June 11th, the pendency of the suit in this court was sufficient to enjoin the respondent from further proceeding. This principle has likewise been decided to the contrary in numerous cases. This principle was discussed at length in
 
 United States
 
 v.
 
 Hoffman, Judge,
 
 71 U. S. (4 Wall.), 158, 162, 18 L. Ed., 354:
 

 “Counsel has argued very ingeniously that the case should be considered as remaining in the court below, in the same position as it was when the rule issued from this court; but we cannot so regard it. By the action of the libellant and the consent of the court, the case is out of court, and the relator is no longer harassed by an attempt to exercise over him a jurisdiction which he claims to be unwarranted. If the return shows no more, it shows that the district judge has no intention of proceeding further in that case. Now, ought the writ to issue to him under such circumstances? It would seem to be an offensive and useless exercise of authority for the court to order it.”
 

 The allowance of an alternative writ of prohibition does not operate as a temporary injunction to restrain further action in the tribunal against which relief is sought. The only purpose of the alternative writ is to require the respondent to appear at a time
 
 *108
 
 and place named and show cause why the writ should not be allowed. Upon the authority of the case cited, and other cases of a similar tenor, an answer which shows that the respondent tribunal has already acted states sufficient cause for a denial of the writ of prohibition.
 

 A third reason urged by relator for the relief sought is that he has no other remedy. It may be suggested that prohibition was not intended to take the place of the time-old writ of
 
 quo warrcmbo.
 
 If relator has been illegally ousted from office, he has the right to become relator in a
 
 quo warranto
 
 suit to test the right of him, who, it is claimed, deprives him of that office.
 
 State, ex rel. Heer,
 
 v.
 
 Butterfield,
 
 92 Ohio St., 428, 111 N. E., 279;
 
 Klick
 
 v.
 
 Snavely,
 
 119 Ohio St., 308, 164 N. E., 233;
 
 State, ex rel. Mick,
 
 v.
 
 Burke,
 
 120 Ohio St., 410, 166 N. E., 354.
 

 In this case the title to an office is involved. It clearly appears by the allegations of the pleadings that the office is now occupied and held by another, and that he, and not the relator, is discharging the duties of that office. The title to an office cannot be determined otherwise than by
 
 quo warranto.
 
 It is held in
 
 Harding
 
 v.
 
 Eichinger,
 
 57 Ohio St., 371, 49 N. E., 306, that “injunction will not lie at the suit of a claimant to a public office who is out of possession, against an adverse claimant who is in possession.” It was held in
 
 Sutter
 
 v.
 
 State, ex rel. Maul,
 
 108 Ohio St., 309, 140 N. E., 783, that mandamus will not lie to determine the title to an office. The discussion of this subject is found at page 312 of the
 
 per curiam
 
 opinion (140 N. E., 783, 784).
 

 While it has never been affirmatively held that prohibition will not lie to test the title to an office,
 
 *109
 
 it cannot be doubted that the same reasons must apply to the writ of prohibition which have been declared to apply in cases of injunction and mandamus. The writ of mandamus has every characteristic of the writ of prohibition, except that the one commands the performance of an act while the other restrains its performance.
 

 It is apparent from the foregoing discussion that the relator has mistaken his remedy, and the writ of prohibition will therefore be denied.
 

 Writ denied.
 

 Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.