OHIO HOSPITAL ASSOCIATION ET AL., APPELLEES, *v.* COMMUNITY MUTUAL INSURANCE COMPANY ET AL., APPELLANTS.

[Cite as Ohio Hospital Assn. *v.* Community Mut. Ins. Co. (1987), 31 Ohio St. 3d 215.]

(No. 86-1242—Decided July 8, 1987.)

*Bricker & Eckler, James J. Hughes* and *Diane M. Signoracci,* for appellees.

*Vorys, Sater, Seymour & Pease, Michael J. Canter, Philip W. Stichter* and *Shawn M. Flahive,* for appellants.

QUILLIN, J. The main issue presented is whether the trial court, which has no jurisdiction in *quo warranto,* has any jurisdiction to determine the rights among the parties in an action for declaratory judgment. We hold that insofar as the relief requested falls short of requiring ouster of the corporate franchise or power, the trial court has such jurisdiction. Ancillary issues relate to the appellees' standing to sue and whether they were parties to the administrative proceedings. We hold that appellees have standing and that they were not required to pursue an administrative appeal. We turn first to these ancillary issues.

## I

Appellees assigned nine errors in the court of appeals. The court of appeals overruled six of these as being premature because the trial court had not yet rendered a declaratory judgment on these issues. The court of appeals properly assumed that the trial court had dismissed the cause based on procedural issues.[1]

Appellants argue that appellees had a statutory right under R.C. 119.12 to appeal the superintendent's decision and that appellees should be precluded from bringing an action for declaratory judgment. R.C. 119.12 reads in part:

"Any party adversely affected by any order of an agency * * * may appeal from the order of the agency to the court of common pleas * * *."

"Party" is defined in R.C. 119.01(G) as "the person whose interests are the subject of an adjudication by an agency."

To support their claim that appellees were parties to the administrative proceedings before the superintendent, appellants rely on *Schomaeker* v. *First Natl. Bank* (1981), 66 Ohio St. 2d 304, 20 O.O. 3d 285, 421 N.E. 2d 530. This reliance is misplaced. *Schomaeker* was a zoning case. This court held that Schomaeker, who participated in the administrative hearings, was a party entitled to appeal under R.C. Chapter 2506 and, therefore, was not entitled to a declaratory judgment. In the

---

[1] Although the granting of a motion to dismiss under Civ. R. 12(B) does not require findings of fact and conclusions of law, "a concise statement by the * * * [trial] court of the grounds for its decision is desirable." *Huckeby* v. *Frozen Food Express* (C.A. 5, 1977), 555 F. 2d 542, 545, at fn. 4.

present case the appellees were neither named parties to the administrative proceedings nor did they participate therein.

## II

Contrary to appellants' contention, appellees have alleged such a personal stake in the outcome as to assure the requisite concrete adverseness necessary for standing. *Baker* v. *Carr* (1962), 369 U.S. 186, 204. Appellees Hunt and Healey bring this action as subscribers of Blue Cross whose group subscriber contracts were materially affected by the consolidation and stipulation. Appellees Providence, Salem, and Deaconess Hospitals allege the consolidation and stipulation materially alter their contracts as member hospitals with Blue Cross. OHA, a trade association, has standing to sue on behalf of its members if "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt* v. *Washington State Apple Advertising Comm.* (1977), 432 U.S. 333, 343.

As the court of appeals found when applying this test, OHA does have standing to sue on behalf of its members. First, OHA's members, including Providence, Salem, and Deaconess, have standing to sue. Second, protection of its members' contractual relationship with Blue Cross and its successor (CMIC) is certainly germane to OHA's purpose. Third, the requested declaratory relief does not require the participation of OHA's members. *Warth* v. *Seldin* (1975), 422 U.S. 490, 515.

## III

"A writ of *quo warranto* is in the nature of a writ of right for the king, against him who claims or usurps any office, franchise, or liberty, to inquire by what authority he supports his claim, in order to determine the right. It lies also in case of non-user or long neglect of a franchise, or misuser or abuse of it; being a writ commanding the defendant to shew by what warrant he exercises such a franchise, having never had any grant of it, or having forfeited it by neglect or abuse." 3 Blackstone, Commentaries on the Laws of England (Tucker Ed. 1803) 262.

An action in *quo warranto* must be brought in the Supreme Court or the courts of appeals (Sections 2 and 3, Article IV, Ohio Constitution; R.C. 2733.03) and "remains, as at common law, a right of the state, and, except where title to a public office is involved, the use of *quo warranto* remains in the state or its officers." *State, ex rel. Cain,* v. *Kay* (1974), 38 Ohio St. 2d 15, 17, 67 O.O. 2d 33, 34, 309 N.E. 2d 860, 862; R.C. 2733.04.

The remedy afforded by *quo warranto* is a judgment of ouster, and a judgment of ouster can be pronounced in no other proceeding. R.C. 2733.20; *Gas-Light Co.* v. *Zanesville* (1889), 47 Ohio St. 35, 47, 23 N.E. 60, 61. Nor will a collateral attack questioning whether a corporation exists be permitted. *State, ex rel. Mick,* v. *Burke* (1929), 120 Ohio St. 410, 416, 166 N.E. 354, 356.

While *quo warranto* is the exclusive proceeding by which to question the existence of a corporation, *quo warranto,* as well as other actions, may also question whether a corporation is exceeding its charter or is purporting to exercise powers not possessed. In the latter circumstances there is an overlap of jurisdiction although the judgments may take different forms. Cf. *State, ex rel. Bricker,* v. *Buhl Optical Co.* (1936), 131 Ohio St. 217, 5 O.O. 562, 2 N.E. 2d 601; *State, ex rel. Crabbe,* v. *Thistle Down Jockey Club* (1926), 114 Ohio St. 582, 151 N.E. 709.

This court said in *Gas-Light Co., supra,* at 47, 23 N.E. at 61:

"As to the first proposition, the argument in support of it seems to assume, that no power or franchise claimed by a corporation can be questioned, except in a proceeding in *quo warranto.* This is certainly erroneous. *Zanesville* v. *Gas Light Co., supra.* That a judgment of ouster cannot be pronounced in any other proceeding is true; but a judgment of ouster in a proceeding in *quo warranto,* commenced on behalf of the state, is one thing, and a judgment in an action between a company and a private person brought to assert some proprietary claim or alleged obligation of the one to the other, is a very different thing, although the latter judgment may rest upon a conclusion drawn by the court that, as a matter of law, some power or franchise claimed by the company is not possessed by it."

Appellants rely on *State, ex rel. Phelps,* v. *Gearheart* (1922), 104 Ohio St. 422, 135 N.E. 606. In *Gearheart* the relator as an individual brought an action in mandamus on behalf of the state to require the Superintendent of Insurance to revoke all licenses issued by his department to insurance companies which wrote medical malpractice insurance. Relator claimed such insurance contracts were void and therefore the licenses were invalid. This court held that mandamus was neither an appropriate nor adequate remedy; and the insurance companies were exercising a state franchise the validity of which could be challenged only by *quo warranto.* *Gearheart* stands only for the proposition that the exclusive remedy by which the validity of the franchise can be tested is by an action in *quo warranto.* While this is true, the trial court still has jurisdiction to determine the rights and obligations among the parties.

Therefore the court of common pleas can entertain this declaratory judgment action so long as it does not question the corporate existence of appellants.

The judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and STEPHENSON, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, sitting for WRIGHT, J.

QUILLIN, J., of the Ninth Appellate District, sitting for H. BROWN, J.