**OHIO CHEMICAL RECYCLERS ASSOCIATION, Appellant,**

v.

**FISHER, Attorney General, Appellee.**

[Cite as *Ohio Chem. Recyclers Assn. v. Fisher* (1992), 79 Ohio App.3d 480.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1255.

Decided April 23, 1992.

*Calfee, Halter & Griswold, Mark I. Wallach* and *Donald J. Kral,* for appellant.

*Lee Fisher,* Attorney General, *Bryan F. Zima, Robert E. Ashton* and *Athan A. Vinolus,* Assistant Attorneys General, for appellee.

JOHN C. YOUNG, Presiding Judge.

This matter is before this court upon the appeal of Ohio Chemical Recyclers Association ("OCRA"), appellant, from a judgment of the Franklin County Court of Common Pleas which dismissed the action herein based on the motion to dismiss submitted by appellee, Lee Fisher, Attorney General of Ohio. OCRA is a not-for-profit trade association comprised of businesses engaging in the chemical recycling industry. OCRA filed an action for declaratory judgment and injunctive relief challenging the fees and disclosure requirements as set forth in Am.Sub.H.B. No. 592 ("H.B. 592") which established a statewide solid and hazardous waste management program. See R.C. 3734.41 through 3734.47. OCRA asserted statutory, federal and state constitutional challenges to the fees and the disclosure requirements currently imposed upon OCRA by appellee. Furthermore, OCRA sought to require appellee to change the fees so that they would reflect the cost of conducting certain background investigations to eliminate the discriminatory treatment of chemical recycling companies and to restrict disclosure requirements to necessary information.

In late 1988, appellee proposed rules which were designed to implement the disclosure requirement provisions of H.B. 592. A public hearing regarding these rules was scheduled. However, OCRA was not in existence at the time of this public hearing and, therefore, was not in attendance. However, two of the companies that eventually became members of OCRA did challenge the proposed fee schedule. The fees and disclosure requirements became effective March 3, 1989. After individually attempting to resolve the matters of fees and disclosure requirements with appellee, the chemical recycling companies formed the nonprofit trade association known as OCRA. OCRA filed this action for declaratory judgment and injunctive relief on July 16, 1990.

Thereafter, appellee filed a "Motion to Dismiss and/or Motion for Summary Judgment," asserting that OCRA lacked standing and that this action was barred by the doctrine of laches. The trial court sustained appellee's motion to dismiss without reaching the merits of appellant's claims.

Appellant now asserts the following two assignments of error on appeal:

"1. The trial court erred in sustaining defendant's motion to dismiss on the grounds that plaintiff allegedly failed to participate in the administrative rule-making process.

"2. The trial court erred in dismissing OCRA's state and federal constitutional claims as to which judicial review is presumed to be available."

■ In the first assignment of error, appellant asserts that the trial court erred in dismissing the action on the basis that OCRA failed to participate in the administrative rule-making process. The trial court relied upon the ruling as set forth in paragraph one of the syllabus of *New Boston Coke Corp. v. Tyler* (1987), 32 Ohio St.3d 216, 513 N.E.2d 302:

"An entity which fails to appear, submit evidence or otherwise participate in a rulemaking proceeding conducted by the Director of Environmental Protection lacks standing to challenge administrative rules resulting therefrom in an appeal to the Environmental Board of Review pursuant to R.C. 3745.04."

Appellant argues that the facts of this case are distinguishable from the facts in *New Boston Coke* since *New Boston Coke* must be narrowly construed to apply only to administrative appeals within the administrative bureaucracy of the Environmental Protection Agency. Thus, it is appellant's contention that the holding in *New Boston Coke* did not create a requirement that participation in a public hearing or administrative proceeding was a prerequisite to challenging rules issued by a state agency and that nonparticipation barred any further challenge, administrative or otherwise.

Appellant relies upon the holding set forth in *Ohio Hosp. Assn. v. Community Mut. Ins. Co.* (1987), 31 Ohio St.3d 215, 31 OBR 411, 509 N.E.2d 1263.

The court concluded that Ohio Hospital Association, a trade association, had standing to file a declaratory judgment action since several of its members had standing to sue. *Id.* at 218, 31 OBR at 413–414, 509 N.E.2d at 1266. Furthermore, the court agreed with the appellate court's conclusion that, even though appellees were not parties to the administrative hearing of the superintendent, they were not required to pursue an administrative appeal from the superintendent's orders. *Id.* at 217, 31 OBR at 412–413, 509 N.E.2d at 1265.

It is appellee's contention that, since OCRA's individual members lack standing to bring the action herein for failure to participate in the rule-making process, then OCRA, the trade association, also lacks standing. Appellees rely upon the holding in *Hunt v. Washington State Apple Advertising Comm.* (1977), 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383, 394, which held that a trade association has standing to bring an action to the extent that its individual members have standing to do so. It is appellee's position that the two-member companies of OCRA that did challenge the proposed fee schedule did not participate in the rule-making process to the extent that would afford standing to them.

Upon review, the holding in *New Boston Coke, supra,* is not applicable to the matter herein. The holding in *New Boston Coke* precluded participation in an appeal when a party failed to appear or participate in a rule-making procedure at the initial administrative level and wanted to participate in an appeal to the next administrative level. There is no case law which supports the import of appellee's argument that failure to participate in an initial rule-making proceeding precludes a party from any further appeal, even if that challenge be constitutional in nature.

In *Burger Brewing Co. v. Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 63 O.O.2d 149, 296 N.E.2d 261, paragraph one of the syllabus, the Supreme Court reaffirmed that an action lies in declaratory judgment for review of rules promulgated through administrative proceedings:

"An action for a declaratory judgment to determine the validity of an administrative agency regulation may be entertained by a court, in the exercise of its sound discretion, where the action is within the spirit of the Declaratory Judgment Act, a justiciable controversy exists between adverse parties, and speedy relief is necessary to the preservation of rights which may otherwise be impaired or lost. (Paragraph two of the syllabus in *American Life & Accident Ins. Co. v. Jones,* 152 Ohio St. 287 [40 O.O. 326, 89 N.E.2d 301], followed.)"

Thus, appellant was not precluded from having standing in this instance merely on the basis that it had not participated in the initial rule-making proceeding.

Accordingly, it was improper for the trial court to rely on the holding in *New Boston Coke* in dismissing appellant's declaratory judgment action. Appellant's first assignment of error is well taken and is sustained.

In the second assignment of error, appellant asserts that the trial court erred in dismissing appellant's state and federal constitutional challenges. Upon review, this court has found no case law or other legal support for the contention that a party emphatically forfeits its right to assert constitutional challenges by failing to participate in an initial rule-making proceeding. To the contrary, recent case law has reaffirmed that constitutional challenges to an administrative proceeding are a proper subject matter for a declaratory judgment action. See *State ex rel. Columbus Southern Power Co. v. Sheward* (1992), 63 Ohio St.3d 78, 585 N.E.2d 380. An administrative agency is without jurisdiction to determine the constitutional validity of a statute. *S.S. Kresge Co. v. Bowers* (1960), 170 Ohio St. 405, 11 O.O.2d 157, 166 N.E.2d 139. Thus, an action for a declaratory judgment may be an alternative to other remedies in those cases in which the court, in the exercise of sound discretion, finds that the action is within the spirit of the Uniform Declaratory Judgments Act, that a real controversy between adverse parties exists which is justiciable in character and that speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost. *American Life & Accident Ins. Co. of Kentucky v. Jones* (1949), 152 Ohio St. 287, 295–296, 40 O.O. 326, 330–331, 89 N.E.2d 301, 305–306; see, also, *Ohioans for Fair Representation, Inc. v. Taft* (Mar. 31, 1992), Franklin App. No. 91AP-834, unreported, 1992 WL 68677.

Accordingly, appellant's second assignment of error is well taken and is sustained.

Based on the foregoing, the judgment of the Franklin County Court of Common Pleas is reversed and the cause is remanded for further proceedings in accordance with law and this opinion.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and DESHLER, JJ., concur.