JOURNAL ENTRY and OPINION
Relator, Martin J. Hughes, Jr., has filed a complaint for a writ of prohibition through which he seeks an order from this court which prevents the respondent, Judge Anthony O. Calabrese, Jr., from proceeding in the underlying case of Michael J. Morgan, et al. v. Martin J. Hughes, Jr.,
Cuyahoga County Court of Common Pleas Case No. CV-429769. The respondent has filed a motion for summary judgment which we grant for the following reasons.
On February 8, 2001, trustees of Union Eye Care filed a complaint in the Cuyahoga County Court of Common Pleas. The complaint, as filed in CV-429769, alleged that the relator, while acting in his capacity as President and Director of Operations for Union Eye Care, had consummated various questionable financial transactions. The trustees of Union Eye Care sought damages and injunctive relief in order to prevent the relator from temporarily exercising any duties or authority as a trustee, member of the Executive Committee, Director of Operations, employee, agent, or representative of Union Eye Care. On March 1, 2001, the respondent heard and granted a request for a temporary restraining order in CV-429769. On March 2, 2001, the relator filed a complaint for a writ of prohibition in the Supreme Court of Ohio which alleged that: (1) the complaint as filed in CV-429769 involved an action in quo warranto for ouster of the relator over which the respondent lacked subject matter jurisdiction; and (2) the plaintiffs had failed to exhaust an internal grievance procedure prior to filing a complaint for injunctive relief. On April 4, 2001, the Supreme Court of Ohio dismissed the relator's complaint for a writ of prohibition. See Hughes v. Calabrese (2001), 91 Ohio St.3d 1486. On June 6, 2001, the Supreme Court of Ohio denied the relator's motion for reconsideration of dismissal. See Hughes v. Calabrese (2001),92 Ohio St.3d 1419.
On July 30, 2001, the relator filed his complaint for a writ of prohibition in this Court. The relator once again alleged that prohibition should issue to prevent the respondent from proceeding in CV-429769 on the grounds that: (1) the complaint involved an action in quo warranto for ouster of the relator over which the respondent lacked subject matter jurisdiction; and (2) the plaintiffs had failed to exhaust an internal grievance procedure prior to filing a complaint for injunctive relief. On August 29, 2001, the respondent filed a motion for summary judgment. For the following reasons, we grant the respondent's motion for summary judgment.
A writ of prohibition is an extraordinary remedy and is not routinely or easily granted. In order for this court to issue a writ of prohibition, the relator must demonstrate that: (1) the respondent is about to exercise judicial power; (2) the exercise of such judicial power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy exists in the ordinary course of the law. State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of CommonPleas (1996), 74 Ohio St.3d 536, 66 N.E.2d 458; State ex rel. Largentv. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. An adequate remedy at law will preclude relief in prohibition. State ex rel. Lesher v.Kainrad (1981), 65 Ohio St.2d 68, 417 N.E.2d 1382; State ex rel. SibarcoCorp. v. City of Berea (1966), 7 Ohio St.2d 85, 218 N.E.2d 428. Furthermore, prohibition does not lie unless the relator clearly demonstrates that the court has no jurisdiction over the cause which it is attempting to adjudicate or that the court is about to exceed its jurisdiction. State ex rel. Ellis v. McCabe (1941), 138 Ohio St. 417,35 N.E.2d 571. Finally, prohibition must be used with great caution and should not be issued in a doubtful case. State ex rel. Merion v.Tuscarawas Cty. Court of Common Pleas (1940), 137 Ohio St. 273,28 N.E.2d 641; Reiss v. Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447.
Herein, the relator argues that: (1) the respondent has exercised and will continue to exercise judicial power in CV-429769; (2) the complaint as filed in CV-429769 actually involves an action in quo warranto for ouster of the relator over which the respondent lacks subject matter jurisdiction; and (3) there exists no adequate remedy in the ordinary course of the law. The relator has established the initial prong of the aforesaid three-part test because the respondent has exercised jurisdiction and continues to exercise jurisdiction in CV-429769. The relator, however, has failed to establish the second and third prongs of the three-part test that must be applied when this court determines whether a writ of prohibition should issue. Contrary to the relator's argument, the complaint as filed in CV-429769 does not seek his ouster from any official position within Union Eye Care and thus cannot be viewed as an action in quo warranto. The underlying action temporarily relieves the relator of his duties as an officer of Union Eye Care and further seeks an accounting with regard to the relator's financial conduct as an officer of Union Eye Care over which the respondent does indeed possess jurisdiction. Cf. Ohio Hospital Assn. v. Community Mut.Ins. Co. (1987), 31 Ohio St.3d 215; 509 N.E.2d 1263; Unirea SocietatilorRomane Carpatina of Cleveland v. Suba (1998), 130 Ohio App.3d 538. See, also, Section 2, Article IV, Ohio Constitution.
We further find that the relator's alternative claim of a lack of jurisdiction, as premised upon the argument that the relator has initiated an administrative grievance procedure with his labor organization, is without merit. The relator has failed to demonstrate that any such administrative grievance proceeding has been initiated or that the existence of such an administrative grievance procedure would divest the respondent of jurisdiction to proceed to judgment in CV-429769. In addition, absent a patent and unambiguous lack of jurisdiction, a post judgment appeal from a final judgment in the underlying action will provide an adequate legal remedy which prevents this court from issuing a writ of prohibition on behalf of the relator.State ex rel. Toma v. Judge Corrigan (2001), 92 Ohio St.3d 589,752 N.E.2d 281; Fraiberg v. Cuyahoga Cty. Court of Common Pleas, DomesticRelations Div. (1996), 76 Ohio St.3d 374, 667 N.E.2d; Brooks v. Gaul
(2000), 89 Ohio St.3d 202, 729 N.E.2d 752.
Finally, the doctrine of res judicata is applicable to the case subjudice. As previously stated, the relator filed a complaint for a writ of prohibition before the Supreme Court of Ohio on March 2, 2001. On April 4, 2001, the Supreme Court dismissed the complaint. The present complaint for a writ of prohibition is based upon the same facts and issues previously raised and litigated before the Supreme Court of Ohio. The doctrine of res judicata thus prevents this court from once again entertaining the relator's complaint for a writ of prohibition. Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, 653 N.E.2d 226; Krahn v. Kinney
(1989), 43 Ohio St.3d 103, 538 N.E.2d 1058; Whitehead v. Gen. Tel. Co.
(1969), 20 Ohio St.2d 108, 254 N.E.2d 10; Norwood v. McDonald (1943),142 Ohio St. 299, 52 N.E.2d 67.
Accordingly, we grant the respondent's motion for summary judgment. It is further ordered that the Clerk of the Eighth District Court of Appeals shall serve notice of this judgment and date of entry upon all parties as mandated by Civ.R. 58(B). Costs to relator.
Writ denied.
JAMES D. SWEENEY, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.