THE STATE, EX REL. CORRIGAN ET AL., *v.* VOINOVICH, AUD.

(No. 75-32—Decided March 5, 1975.)

Mr. *John T. Corrigan*, prosecuting attorney, *Mr. John L. Dowling, Mr. Thomas P. Gill, Messrs. Squire, Sanders & Dempsey, Mr. George I. Meisel* and *Mr. David N. Rowlinson*, for relators.

*Messrs. Walter, Haverfield, Buescher & Chockley* and *Mr. Loyal V. Buescher*, for respondent.

*Per Curiam.* The initial question posed in this case is whether an original action in mandamus in this court is proper. Mandamus is an extraordinary remedy and should be resorted to only where there is no plain and adequate remedy in the ordinary course of the law. Where, however, the public interest makes it necessary that an issue involving the expenditure and possible loss of large sums of public money be resolved without delay, an action in mandamus will be entertained by this court. The partially-completed construction of a large public facility makes the prompt resolution of the issue involved a matter of urgent public necessity. See *State, ex rel. Riley Constr. Co.,* v. *East Liverpool Bd. of Edn.* (1967), 10 Ohio St. 2d 25, at 27.

The primary issue before this court is whether Cuyahoga County can issue $30,000,000 in unvoted bonds to supplement the $61,000,000 of voted bonds and other funds available for the construction of its Justice Center.

The impediment to the authority of the county commissioners to issue the unvoted bonds involved in this case is *State, ex rel. Stanton,* v. *Andrews* (1922), 105 Ohio St. 489, a case in which the Cuyahoga County commissioners attempted to construct a jail and courtrooms at a cost ex-

ceeding the amount previously voted. This court enjoined the commissioners from proceeding with any contracts for the construction of the building for an amount greater than that voted by the people.

The court held, in the fourth paragraph of the syllabus in *Andrews*:

"When the voters of a county sanction the policy of building a county jail by voting a bond issue in an amount certain, the policy adopted is one involving the expenditure of no greater sum than that approved, and a building commission is without power to contract for such building under its adopted policy and plan involving an estimated expenditure of an amount in excess of that sanctioned by voters."

In *Andrews*, the court said that the statutory power given to county commissioners to issue the bonds involved (G. C. 2434) was limited and circumscribed by the provisions of G. C. 2333 and 5638.

G. C. 2333 provided that, "when county commissioners have determined to erect a court house or other county building at a cost to exceed twenty-five thousand dollars, they shall submit the question of issuing bonds of the county therefor to vote of the electors thereof." G. C. 5638 prohibited county commissioners from appropriating money or issuing bonds to build county buildings, the expenses of which will exceed $15,000, "without first submitting to the voters * * * the question as to the policy of making such expenditure."

The court, in *Andrews*, pointed out that "the electors of Cuyahoga County did approve the *policy* of building a county jail." There the court said that it was dealing "with the question of the *limitation* of power of that commission [county building commission] as granted by the Legislature." (Emphasis added.)

The statutes relied upon and controlling in *Andrews* expressly limited the amount of money which could be spent for a county building to that authorized by the voters.

The General Code sections utilized in *Andrews*, however, have been substantially changed since 1922. R. C.

Chapter 133 (the Uniform Bond Act) grants counties the authority to issue bonds. That grant is broad and does not contain the limitations imposed upon counties at the time *Andrews* was decided. The "ten-mill limitation" imposed by Section 2 of Article XII of the Constitution and R. C. 133.05[2] establish the limits on taxes which may be imposed for the bonds here involved.

In this case, the voters were asked to approve bonds in the amount stated for the purpose stated, with the understanding that these bonds would be paid for by taxes *outside* the ten-mill limitation. The voters did not prohibit the county from issuing additional bonds for such purpose to be paid from taxes *within* the ten-mill limitation.

In view of the policy change denoted by the changes in statutory authority to issue bonds, the fourth paragraph of the syllabus in *State, ex rel. Stanton,* v. *Andrews* is no longer supportable and it is, therefore, overruled.

Accordingly, the writ of mandamus is allowed, and respondent, Cuyahoga County Auditor, is ordered to execute the bonds authorized by relators.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

[2]Limiting the allowable total net indebtedness of a county,