THE STATE, EX REL. FONTAINE, APPELLANT, *v.* BOARD OF TRUSTEES, HANOVER TOWNSHIP ET AL., APPELLEES.

(No. CA83-11-121—Decided June 29, 1984.)

*Ralph A. Henderson,* for appellant.
*Donald L. Ferris, Carl D. Ferris* and *Leslie Spillane,* for appellees.

JONES, J. Relator-appellant, John J. Fontaine, and appellees, Daniel J. Eichel and Dorothy M. Eichel, are the owners of adjoining farms in Hanover Township, Butler County. The boundary line between the adjoining farms has been judicially determined by virtue of prior litigation between the parties. The farms are separated at times by a stream which runs roughly parallel to Salman Road, on Fontaine's side of the road. At one point the boundary line is in the middle of the stream, and at other points on Fontaine's side of the stream.

The boundary line is located on terrain which is uneven, and the topography is not well suited for the construction of a partition fence on the precise boundary line.

On April 18, 1983, Fontaine "complained" to appellee Board of Township Trustees of Hanover Township (hereinafter "board"), pursuant to R.C. 971.04, for the construction of a partition fence on the boundary line between the farms of Fontaine and the Eichels. The board caused due notice to be given to both owners, and thereafter viewed the premises where the fence was "to be built," in order to comply with R.C. 971.04, "and assign, in writing, to each person his equal share thereof, to be constructed or kept in repair by him." Following such viewing, on May 31, 1983, the board advised Fontaine, by letter, that:

"Due to the topography, terrain, and location of the partition fence, it is impossible for the Board of Trustees, Hanover Township, to make the 'Orders of Assignment' to each party, which relates to the partition fence matter.

"Very truly yours,

"Glenn R. Yordy — Pres.

"Gerald R. Miller — Vice Pres.

"John C. Beckett

"Attest Daniel Brosius — Clerk"

On July 21, 1983, Fontaine filed a mandamus action in the Court of Common Pleas of Butler County, demanding that the board require the construction of a partition fence and allocation of the cost of construction between the parties. On August 26, 1983, the board filed a motion to dismiss the complaint "for the reasons set forth below in the accompanying memorandum." On October 14, 1983, the trial court granted the motion to dismiss, prompting this appeal by Fontaine. For his sole assignment of error, Fontaine contends that the trial court erred in granting the motion to dismiss the mandamus action.

The board's motion was obviously filed pursuant to Civ. R. 12(B) which permits certain defenses, at the option of the pleader, to be made by motion rather than by answer. Civ. R. 12(B) reads as follows:

"How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, *(6) failure to state a claim upon which relief can be granted,* (7) failure to join a party under Rule 19 or Rule 19.1. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief. *When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56.* Provided, however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." (Emphasis added.)

Fontaine argues, logically, that the board's motion must be based upon Civ. R. 12(B)(6), "failure to state a claim upon which relief can be granted," and it appears that such is true because none

of the other subsections is mentioned in the memorandum. In granting the motion to dismiss, the trial court found "that the Trustees acted properly in determining that defendants Eichels would derive no benefit from the construction of the line fence requested * * *." The sole record before the trial court was the letter from the board, to which we have heretofore referred. The board's letter assigns impossibility due to topography, etc., rather than a lack of benefit to the Eichels, as its reason for refusing to order the construction of a fence. It may be true that the Eichels would derive no benefit from the construction of a partition fence, as argued in the briefs. Such is a question of fact, however, and is not apparent from the record.

It is arguable that the trial court treated the motion to dismiss as a motion for summary judgment, since the motion presented matters outside the pleading. However, there were no depositions, affidavits, answers to interrogatories, written admissions, transcripts of evidence, or stipulations of fact, before the court, to show that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. Summary judgment, therefore, was improper.

In its memorandum accompanying the motion to dismiss, the board argues that mandamus does not lie because relator "failed to demonstrate that he has no other plain and adequate remedy at law." In support thereof, the board states that its refusal to order an assignment could have been appealed to the Court of Common Pleas of Butler County, which is, of course, the same court where the mandamus action was filed. Such would appear to be true. In 1983 the Ohio Attorney General held:

"A decision of a board of township trustees making an assignment of partition fences in accordance with R.C. 971.04, is appealable to the court of common pleas under R.C. 2506.01." 1983 Ohio Atty. Gen. Ops. No. 83-072, at page 2-302.

Is an order refusing to make an "order of assignment" also appealable under R.C. 2506.01? We believe so. Such is similar to a denial of a building permit, in that the order is "final" for purposes of R.C. 2506.01 because "* * * it amounts to the final decision of a governmental agency * * * and substantially affects the substantive rights of the persons to whom the order is directed." 1983 Ohio Atty. Gen. Ops. No. 83-072, *supra,* at page 2-301; *State, ex rel. Cunagin Constr. Corp.,* v. *Creech* (1969), 20 Ohio St. 2d 128 [49 O.O. 447].

Does the record reflect that the decision of the board was not appealed? Such is not shown in the fashion required to support the issuance of a summary judgment; but had such an appeal been filed, it would necessarily have been filed in the same court, and such court can certainly take judicial notice of its own docket. If an appeal was not filed, mandamus does not lie, because Fontaine had an adequate remedy at law by filing such an appeal. Mandamus is an extraordinary action with limited purpose, and is not appropriate when there is an adequate remedy at law. *State, ex rel. Laramie Corp.,* v. *Cleveland* (1981), 65 Ohio St. 2d 35 [19 O.O.3d 227]. Cf. *State, ex rel. Corrigan,* v. *Voinovich* (1975), 41 Ohio St. 2d 157, 158 [70 O.O.2d 306]. Where a party has a plain and adequate remedy in the ordinary course of the law by way of an appeal, mandamus cannot be used as a substitute for an appeal. *State, ex rel. Davies,* v. *Elyria* (1980), 62 Ohio St. 2d 443 [16 O.O.3d 460]; *State, ex rel. West,* v. *Price* (1980), 62 Ohio St. 2d 143 [16 O.O.3d 164].

Mandamus is defined by R.C. 2731.01 as follows:

"Mandamus is a writ, issued in the name of the state to an inferior tribunal,

a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

In the case at bar we find that the trustees performed their duty to the extent required by law. They "acted," in the same context that a planning commission acts, when it considers an application for a building permit, but denies the application. The aggrieved party has an adequate remedy at law in appealing such denial.

Although the trial court dismissed the mandamus action for the wrong reason, dismissal was nevertheless required. We therefore affirm.

*Judgment affirmed.*

HENDRICKSON, P.J., concurs.

KOEHLER, J., dissents.

KOEHLER, J., dissenting. Recognizing that "good fences make good neighbors" the legislature of this state has historically required the owners of adjoining rural lands to build, keep up and maintain in good repair in equal shares all partition fences between them.

This appeal is the culmination of numerous court actions between the parties including an action to settle a boundary line dispute. This court's decision perpetuates the problem, and, I believe, misinterprets the provisions of R.C. Chapter 971 thereby denying Fontaine the availability of mandamus to secure his remedy.

The majority has found that the trial court dismissed Fontaine's action in mandamus for the wrong reasons. However, this court compounds the problems by affirming the dismissal of Fontaine's mandamus action upon an unsupportable premise.

R.C. 971.04 establishes a duty upon the board of township trustees in partition fence proceedings and requires that the board " * * * *shall* view the fence or premises where such fence is to be built, *and* assign, in writing, to each person his equal share thereof, to be constructed or kept in repair by him." (Emphasis added.) In this cause, the Hanover Township Board of Trustees failed or refused to comply with the legislative mandate and endeavored to avoid the duty enjoined upon it, claiming that, due to topography, terrain and location of the partition, it is "impossible" to make an order of assignment. Such avoidance under the circumstances herein is not supported by statutory provisions or case law.

Had the board of trustees performed its proper function and made an order of assignment, such an assignment could readily be appealed by the aggrieved party to the court of common pleas. In such an instance, mandamus would not be available.

The majority concludes that the refusal to make an order of assignment as required by R.C. 971.04 is exclusively appealable and compares the board of township trustees' failure to act as required by statute to the denial of a building permit. Certainly a refusal to act is not tantamount to the denial of the substantive rights of the persons adversely affected by such denial.

Mandamus is clearly proper when a board of trustees refuses to *exercise* its discretion. Upon such exercise of its discretion, mandamus would not lie and an aggrieved party would have available the adequate remedy of an appeal.

Thus, I believe that mandamus was proper in this case to force the board of trustees to make a decision as to assignment of costs to build a partition fence as it was required by statute to do. Accordingly, I must dissent.