THE STATE, EX REL. STAMPS, *v.* AUTOMATIC DATA PROCESSING BOARD OF MONTGOMERY COUNTY ET AL.

[Cite as State, ex rel. Stamps, *v.* Automatic Data Processing Bd. of Montgomery Cty. (1989), 42 Ohio St. 3d 164.]

(No. 88-682—Submitted March 7, 1989—Decided May 10, 1989.)

*Brannon & Hall Law Offices* and *Dwight D. Brannon,* for relator.

*Lee C. Falke,* prosecuting attorney, and *Chris R. Van Schaik,* for respondents.

*Per Curiam.* Resolving this case requires us to answer the following questions. First, is a writ of mandamus available generally to prevent respondents from interfering in the execution of Stamps' duties? Second, is a writ of mandamus available to order application for the appointment of special counsel for Stamps? Third, is a writ of mandamus available to order the appointment of Nusbaum as supervisor of the center, and to order the approval of his salary? Fourth, is a writ

of mandamus available to remove Judge Kessler from the board or to prevent Falke from representing it? For the reasons that follow, we find that mandamus will not lie to accomplish any of these purposes and, therefore, that respondents are entitled to summary judgment.

Before this court may issue a writ of mandamus, it must find that relator has a clear legal right to the relief prayed for, that respondents are under a clear legal duty to perform the official acts sought by relator, and that relator has no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 6 OBR 50, 451 N.E. 2d 225. Under *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631, paragraph four of the syllabus, however, a cause of action in mandamus has not been stated where the substance of the relator's allegations manifests that his true object is for a prohibitory injunction. *Pressley* requires an examination of the complaint to see whether it actually seeks to prevent, rather than to compel, official action. *Id.* at 155, 40 O.O. 2d at 150, 228 N.E. 2d at 643. See, also, *State, ex rel. Kay,* v. *Brown* (1970), 24 Ohio St. 2d 105, 53 O.O. 2d 284, 264 N.E. 2d 908. If it does, the action must be dismissed because this court has no original jurisdiction in injunction. *Id.* at 106, 53 O.O. 2d at 285, 264 N.E. 2d at 908, citing *State, ex rel. Smith,* v. *Indus. Comm.* (1942), 139 Ohio St. 303, 22 O.O. 349, 39 N.E. 2d 838.

Relying on cases such as *Pressley,* respondents argue that mandamus cannot issue because Stamps seeks preventative relief pursuant to Paragraph 13 of his complaint. They claim that while Stamps argues in terms of respondents' "duties" to act, his true object is to keep them from in-terfering in the execution of his duties. As a result, respondents submit that Stamps has not shown that respondents are under a clear legal duty to perform the requested acts.

Respondents' argument has merit. Stamps argues only one "duty" with respect to Paragraph 13 that could be accomplished through an affirmative act other than his own — the approval of Nusbaum's salary. However, since this approval is necessarily discretionary under R.C. 307.844, Stamps cannot show that respondents have a duty in this regard. See, *e.g., State, ex rel. Westbrook,* v. *Ohio Civil Rights Comm.* (1985), 17 Ohio St. 3d 215, 216, 17 OBR 449, 450-451, 478 N.E. 2d 799, 801 (Where commission has discretion to decide whether it will conduct the investigation that precedes and provides the basis for a probable cause determination, it can have no absolute duty to make that determination.). Accordingly, mandamus cannot be granted as it relates to the relief Stamps requests pursuant to Paragraph 13 of his complaint.

Respondents next argue that they have no duty to apply for or appoint special counsel for Stamps because those decisions are discretionary under R.C. 305.14. R.C. 305.14 provides that, upon application of the prosecutor and board of county commissioners, a common pleas court may authorize such board to employ legal counsel to assist a public official in any matter of public business that is before him. Stamps claims that *State, ex rel. Corrigan,* v. *Seminatore* (1981), 66 Ohio St. 2d 459, 20 O.O. 3d 388, 423 N.E. 2d 105, requires the application for appointment of counsel because Falke's former position on the board created a conflict of interest.

In *Seminatore,* a county prosecutor filed suit against a county agency, and the common pleas court appointed

special counsel for the agency, but without the prosecutor's and board of commissioners' applications therefor. Because R.C. 309.09 prevents anyone but the prosecutor from representing the agency except as provided in R.C. 305.14, this court observed that special counsel should not ordinarily be authorized without the proper applications. *Id.* at 462-463, 20 O.O. 3d at 390-391, 423 N.E. 2d at 109. The court determined that mandamus would lie to compel such an application, however, where the prosecuting attorney had a conflict of interest and refused to make application. But, contrary to Stamps' argument, the *Seminatore* court did not find that the prosecutor and board of county commissioners had a *duty* to apply for appointment of special counsel under the statute. Rather, *Seminatore* stated that the failure to apply for appointment in that situation would constitute an "abuse of discretion." *Id.* at 463-464, 20 O.O. 3d at 391, 423 N.E. 2d at 109.

Thus, while it does not find a duty on the prosecutor's part, *Seminatore* does recognize mandamus as a means to compel an application for special counsel where an abuse of discretion has been shown. An abuse of discretion implies more than an error in judgment. It connotes a decision motivated by " 'perversity of will, passion, prejudice, partiality, or moral delinquency.' " *State, ex rel. Commercial Lovelace Motor Freight, Inc.,* v. *Lancaster* (1986), 22 Ohio St. 3d 191, 193, 22 OBR 275, 277, 489 N.E. 2d 288, 290. The circumstances surrounding Falke's refusal to request special counsel for Stamps suggest that this decision did not result from these motives. Thus, mandamus cannot be granted on this basis.

Nor can mandamus be granted to compel the appointment of Nusbaum as supervisor of the center. The record reflects that Nusbaum has been installed as the center's supervisor. Thus, the issue of his appointment is moot. Mandamus may not be ordered to accomplish an act that has already been done. *State, ex rel. Gantt,* v. *Coleman* (1983), 6 Ohio St. 3d 5, 6 OBR 4, 450 N.E. 2d 1163.

Likewise, mandamus cannot be allowed to compel the approval of Nusbaum's salary. While Stamps is authorized to fix his deputy's salary, his efforts are subject to the board's approval. R.C. 307.844. Since this matter is within the board's discretion, there is no duty to approve it.

Stamps also urges the court, in effect, to remove Judge Kessler as a board member. This request is clearly not an appropriate subject for a mandamus action. *Quo warranto* is the proper means for challenging a public official's right to hold office, *State, ex rel. St. Sava,* v. *Riley* (1973), 36 Ohio St. 2d 171, 173, 65 O.O. 2d 395, 396, 305 N.E. 2d 808, 810, and the remedy of ouster can be pronounced in no other proceeding, *Ohio Hospital Assn.* v. *Community Mut. Ins. Co.* (1987), 31 Ohio St. 3d 215, 218, 31 OBR 411, 413-414, 509 N.E. 2d 1263, 1266. Thus, even if Judge Kessler were holding his position on the board illegally, mandamus would not lie to remove him.

Finally, Stamps generally asserts that Falke has forfeited his "right" to represent the board by having been a member. He cites no authority for his premise. However, mandamus may only be used to compel the performance of a legal duty. Since it may not be issued to enjoin conduct, *State, ex rel. Smith,* v. *Indus. Comm., supra,* at paragraphs two and three of the syllabus, a writ of mandamus cannot be allowed to keep Falke from representing the board.

In ruling on respondents' motion

for summary judgment, we are required by Civ. R. 56(C) to construe the evidence most strongly in favor of relator. Based on the foregoing, we find that respondents are entitled to judgment as a matter of law. Accordingly, respondents' motion for summary judgment is granted and relator's motion for summary judgment is overruled. Thus, relator's request for a writ of mandamus is denied.

*Writ denied.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.