### Board of Trustees of Union Twp. v. Phelps
*[Cite as 7 AOA 74]*

*Case No. 14-89-18*
*Union County, (3rd)*
*Decided October 31, 1990*

*Mark A. Johnson, Baker & Hostetler, 65 East State Street, Columbus, Ohio 43215, for Appellants.*

*R. Larry Schneider, Prosecuting Attorney, 111 West Sixth Street, Marysville, Ohio 43040, for Appellee, Board of Twp. Trustees.*

*Charles R. Saxbe, Attorney at Law, 17 South High St., Suite 900, Columbus, Ohio 43215-3413, for Appellee, Larry and Alan Phelps.*

BRYANT, J.

This is an appeal by Neil and Elizabeth Johnson from a Judgment of the Court of Common Pleas of Union County reviewing on administrative appeal a decision of the Union Township Board of Trustees and ordering appellants and others to share proportionally in the costs of repair and maintenance of a partition fence.

Larry and Alan Phelps (Phelps) are owners of agricultural land separated from a number of residential lots by a deteriorating farm fence originally built by Phelps. Appellants are owners of one of the residential parcels adjoining Phelps' land.

R.C. 971.02 and R.C. 971.04 define the rights and obligations of adjoining landowners and the duties of the Board of Township Trustees with respect to construction and maintenance of partition fences absent agreement. The text of these statutes follows:

"Section 971.02 Expense of partition fences.

"The owners of adjoining lands shall build, keep up, and maintain in good repair, in equal shares, all partition fences between them, unless otherwise agreed upon by them in writing and witnessed by two persons. The fact that any land or tract of land is wholly unenclosed or is not used, adapted, or intended by its owner for use for agricultural purposes shall not excuse the owner thereof from the obligations imposed by this chapter on him as an adjoining owner. This chapter does not apply to the enclosure of lots in municipal corporations, or of adjoining lands both of which are laid out into lots outside municipal corporations, or affect sections 4959.02 to 4959.06 of the Revised Code, relating to fences required to be constructed by persons or corporations owning, controlling, or managing a railroad.

"Section 971.04 Duty of board of township trustees.

"When a person neglects to build or repair a partition fence, or the portion thereof which he is required to build or maintain, the aggrieved person may complain to the board of township trustees of the township in which such land or fence is located. Such board, after not less than ten days written notice to all adjoining landowners of the time and place of meeting, shall view the fence or premises where such fence is to be built, and assign, in writing, to each person his equal share thereof, to be constructed or kept in repair by him."

Phelps petitioned the Union Township Board of Trustees (Trustees) for assessment of costs to owners of adjoining land for repair of the fence. After public notice and in accordance with R.C. 971.01 et seq., the Trustees issued a decision that the residential owners, including Johnsons, "are not required to share the cost of building and maintaining the partition fence which separates their land from the Phelp's land," finding that the "fence does not benefit the residential landowners on Orchard Road," and "would not increase the value of" their land.

Phelps filed an appeal of the Trustee's decision pursuant to R.C. 2506.01. From its review of the transcript of proceedings conducted and evidence received by the Trustees, the Common Pleas Court found nothing in the record, by expert testimony or otherwise, from which monetary benefit to or diminution in the monetary value of the residential properties might be ascertained, and, therefore, held that the Trustees' decision that the fence afforded no benefit to the named residential land owners was not supported by "substantial, reliable and probative evidence."

This appeal is before this court on the narrow issue drawn by appellant's single assignment of error which follows:

"THE COMMON PLEAS COURT ERRED IN DETERMINING THAT APPELLANTS RE-CEIVED A BENEFIT FROM A PARTITION FENCE."

In presenting argument upon the assignment of error, appellants allude to several technical criticisms of the proceedings below, including the style of the administrative appeal, the alignment, joinder or non-joinder of parties and, implicitly, the nature of the orders from which appeal was taken below. None of these criticisms or arguments seem to have been presented to the court below for its consideration and judgment. We decline, therefore, to address them here on appeal, except in so far as the same may imply our lack of jurisdiction, or that of the common pleas court, for want of final, appealable orders.

A decision by a board of township trustees refusing to make an order of assignment for construction of a partition fence has been held to be a final order appealable to the court of common pleas pursuant to R.C. 2506.01 and thence to the court of appeals. *State ex. rel. Fontaine v. Hanover Twp. Bd. of Trustees* (1984),

18 Ohio App.3d 23. We agree. In 1983, the Ohio Attorney General opined:

"3. A decision of a board of township trustees making an assignment of partition fences in accordance with R.C. 971.04 is appealable to the court of common pleas under R.C. 2506.01." 1983 Ohio Atty. Gen. Ops. 83-072 at page 2-302.

We find the authorities cited and the analysis set forth in this regard in 1983 Ohio Atty. Gen. Ops. 83-072 to be apt and cogent.

The matter here on appeal is the judgment of the common pleas court reviewing the Trustees' decision that appellants need not participate in the repair of the partition fence petitioned. The decision of the trustees from which appeal was taken affects and establishes the rights of individuals *inter se*, not the interest of the public generally. Such acts are quasi-judicial, not legislative and are therefore appealable pursuant to R.C. 2506.01. Cf. *Jacobs v. Maddox* (1966), 7 Ohio St. 2d 21. The Trustees, having given notice of decision to all affected landowners with nothing further remaining before the board for decision, have vested their order with finality. *State ex. rel. Fontaine v. Hanover Twp. Bd. of Trustees,* 18 Ohio App. 3d at 25. No appeal to a higher administrative authority is provided for by statute, R.C. 2506.01.

We hold that the decision of the Trustees and the judgment of the common pleas court reviewing that decision are final, appealable orders within the appellate jurisdiction of the common pleas court and of this court, respectively.

Pursuant to R.C. 2506.04 the common pleas court on administrative appeal of a quasi-judicial decision of the board of township trustees may review that decision to determine whether the whole record on appeal discloses the decision to be supported by the preponderance of substantial, reliable and probative evidence. This court's standard of review concerning review on appeal is limited in the same manner as the court below. Neither this court nor that below may substitute its judgment upon the facts where the credibility of witnesses is involved or administrative expertise is required or desired in determining the public interest. However, where there is no evidence in the record of the requisite quality and quantum, the issue is one of law subject to review on appeal. *University of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108; *Dudukovich v. Housing Authority* (1979), 58 Ohio St.2d 202.

In 1983, the Ohio Attorney General also opined:

"2. In hearing and deciding a partition fence complaint under R.C. 971.04, a board of township trustees must allow each landowner who wishes to do so to present evidence that the cost of the erection of the fence will exceed any increase in the value of his land." 1983 Ohio Attorney General Ops. 83-072 at page 2-302.

The Attorney General's opinion is premised, in part, upon the first paragraph of the syllabus of *Glass v. Dryden* (1969), 18 Ohio St.2d 149 which is:

"A landowner will not be relieved from the obligation imposed by Section 971.04 Revised Code, to share in the construction of a partition line fence on the ground that such fence will not benefit his land, without adducing proof, if the allegation of absence of benefit is challenged, that the cost of compliance with the order of the Board of Township trustees under the statute will exceed the difference between the value of his land before and after the installation of the fence."

In an earlier opinion, in keeping with the instruction of *Glass v. Dryden,* syllabus, an Ohio Attorney General concluded:

"1. A landowner must comply with R.C. 971.02 and share in the construction and maintenance cost of a partition fence unless the cost of construction exceeds the difference between the value of his land before and after the installation of the fence." 1974 Opinion of Ohio Attorney General 74-026.

Here, the common pleas court based its conclusion of benefit to appellant's land upon a rebuttable presumption of general benefit, quoting from *Glass v. Dryden* at page 152.

"And, to the extent that the advantage inures to private property immediately adjacent to the fence, some benefit thereto may be presumed until the contrary is shown. Even in this case, it appears that appellee has been vexed by damage from her adjoining owner's cattle straying onto her premises." *Glass v. Dryden,* 18 Ohio St. 2d 149, 152.

Appellants assert that Phelps, as owners of cattle, have a duty to prevent their animals' trespass upon adjoining residential premises, hence the need for the fence. The entire onus of expense for that fence should thus be Phelps', argue appellants. Further, appellants argue that benefit to their land may not be inferred from the fences preventing trespass by Phelps' animals, for appellants are entitled to be free from such trespass without the fence. Appellants advert to the constitutional implications of these arguments.

We believe the decision of *Glass v. Dryden* has settled both the questions of constitutionality of R.C. 971.04 and of the public and private benefit to be derived from partition fences and, thus, to be presumed until the contrary is shown.

The remaining issue, as we see it, is whether or not evidence of subjective perceptions of diminished enjoyment given by the resident of land is sufficient evidence of diminished value or lack of benefit to support a decision of "no benefit" for constitutional applications of R.C. 971.02. We think not.

The law has ever required objective tests of value or diminution of value in order to avoid the obvious uncertainty of the truth of subjective assessments of value by the potential recipient of those values. We are constrained, therefore, as was the court below, to require objective evidence of the measurement of enhancement of or damage to the premises in opposition or comparison to the costs of the apportioned expense of repairs petitioned for a partition fence. Only in this manner may a fair assessment be made of "benefit" or lack thereof to lands adjoining the fence.

We hold that a land owner must comply with R.C. 971.02 and share in the costs of repair and maintenance of a partition fence unless the cost of repair exceeds the difference between the monetary value of his land before and after the repair of the fence.

In the absence from the record of evidence from which a calculation of diminution of value may be made in accordance with our holding herein, we cannot identify that substantial, reliable and probative evidence necessary to sustain the Trustees' decision below.

Accordingly, we perceive no error of the Court of Common Pleas of Union County prejudicial to Appellants to be found in that court's judgment reviewing the decision of the Board of Trustees of Union Township and ordering appellants to comply with R.C. 971.02.

The judgment of the Court of Common Pleas of Union County is affirmed.

*Judgment affirmed.*

SHAW, P.J., and EVANS, J., concur.