The STATE ex rel. DAYTON NEWSPAPERS, INC.

v.

WAGNER.

[Cite as *State ex rel. Dayton Newspapers, Inc. v. Wagner* (1998), 129 Ohio App.3d 271.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 16924.

Decided July 31, 1998.

*James M. Hill*, for relator.

*Michael Russell* and *Brian R. McHenry*, Assistant Prosecuting Attorneys, for respondent.

*Per Curiam.*

In this case, respondent, A.J.· Wagner, has filed a motion to dismiss the mandamus complaint of relator, Dayton Newspapers, Inc. ("DNI"). DNI has responded to the motion and has also filed a motion for sanctions, asking that we award attorney fees incurred by DNI in answering the motion to dismiss.

DNI's mandamus complaint was filed on November 26, 1997, and alleges that Wagner, the Montgomery County Auditor, failed to comply with R.C. 5719.04. This section of the Ohio Revised Code requires county auditors to publish a delinquent personal and classified property tax list and a preliminary display notice of the list in a newspaper of general circulation. Although DNI concedes that Wagner has published the tax list and display notice in the Daily Court Reporter and the Dayton Voice, DNI claims that these publications are not "newspapers of general circulation" as that term is defined in R.C. 5721.01(B). As a result, DNI asks that we issue a writ of mandamus, directing Wagner to publish the notices only in newspapers of general circulation. As ancillary relief, DNI asks us to forbid Wagner from publishing notices in the Daily Court Reporter and the Daily Voice until these newspapers properly qualify as newspapers of general circulation under R.C. 5721.01. Count II of the mandamus complaint alleges a due process violation, in that publication in newspapers not generally circulated fails to give taxpayers sufficient notice of impending liens. However, no specific relief was requested in connection with this claim, other than the injunctive type of relief previously mentioned.

Regarding the motion to dismiss, Wagner makes the following arguments for dismissal: (1) the relief requested is prospective and does not warrant mandamus, (2) this court lacks jurisdiction over the ancillary relief, *i.e.*, an injunction, (3) this court lacks jurisdiction over declaratory judgment actions, and (4) DNI's claim is moot because the property list and display notice have already been published. In response, DNI contends that the complaint sufficiently alleges the legal requirements for issuance of a writ of mandamus. DNI also maintains that mandamus is the proper remedy under controlling Ohio Supreme Court precedent. In particular, DNI relies on *State ex rel. Court Index Press, Inc. v. Deters* (1990), 56 Ohio St.3d 140, 565 N.E.2d 532, which is said to be similar to the present case, and in which the Ohio Supreme Court allegedly rejected arguments for dismissal like those now being made by Wagner. Finally, DNI claims that Wagner's motion to dismiss is frivolous in light of the obvious and controlling nature of *Deters*. As a result, DNI believes that attorney fees should be awarded to DNI.

 In order for a writ of mandamus to issue, the relator must show "(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the requested act, and (3) that relator has no plain and adequate remedy at law." *State ex rel. Plain Dealer Publishing Co. v. Barnes* (1988), 38 Ohio St.3d 165, 167, 527 N.E.2d 807, 809. The Ohio Supreme Court has also held that "a cause of action in mandamus has not been stated where the substance of the relator's allegations manifests that his true object is for a prohibitory injunction." *State ex rel. Stamps v. Automatic Data Processing Bd. of Montgomery Cty.* (1989), 42 Ohio St.3d 164, 166, 538 N.E.2d 105, 108, citing *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631. In such situations, the complaint must be scrutinized to see if the relator actually seeks to prevent rather than compel official action. If what is really being sought is an injunction, the mandamus complaint must be dismissed for lack of jurisdiction. *Id.* See, also, 11 Ohio St.2d at 142, 40 O.O.2d at 141–142, 228 N.E.2d at 635–636.

█ After examining the complaint in the present case, we find that what DNI really seeks is to prevent the auditor from placing legal notices in the Dayton Court Reporter and the Dayton Voice. Although DNI states in the complaint that it wishes to compel the auditor to publish in a newspaper of general circulation, both parties concede that publication has already taken place. As we view the allegations in the complaint, the only real issue is whether the newspapers selected by the auditor are newspapers of general circulation as defined by the statute. In our opinion, this is not a proper subject for mandamus, which is an "extraordinary remedy." *State ex rel. Corrigan v. Voinovich* (1975), 41 Ohio

St.2d 157, 158, 70 O.O.2d 306, 306–307, 324 N.E.2d 285, 286. In essence, DNI is attempting to prevent, not compel, official action.

Moreover, while DNI relies heavily on *Deters,* we do not find that case procedurally or factually similar to the present case. In *Deters,* the Prosecuting Attorney for Hamilton County issued a legal opinion concluding that the Court Index Press, Inc. was not a newspaper of general circulation for the publication of legal notices. As a result of the opinion, several elected officials issued directives disqualifying Index Press from publishing legal notices. The action in mandamus was then brought to compel the officials to remove the disqualification. *Id.,* 56 Ohio St.3d at 140, 565 N.E.2d at 532–533. By contrast, the auditor in the present case has not issued an order disqualifying DNI from publishing legal notices, but has instead simply chosen to publish legal notices in other newspapers.

In *Deters,* the court held that mandamus was available because more was sought than an abstract legal declaration that the Index Press was a newspaper of general circulation. Specifically, the court was also asked to compel the respondents to remove any disqualification orders or impediments to the Index Press's ability to publish legal notices. In approving mandamus as a viable remedy, the court quoted from *State ex rel. Fenske v. McGovern* (1984), 11 Ohio St.3d 129, 11 OBR 426, 464 N.E.2d 525, paragraph two of the syllabus, as follows:

" 'The availability of an action for declaratory judgment does not bar the issuance of a writ of mandamus if the relator demonstrates a clear legal right thereto, although the availability of declaratory judgment may be considered by the court as an element in exercising its discretion whether a writ should issue. However, where declaratory judgment would not be a complete remedy unless coupled with ancillary relief in the nature of mandatory injunction, the availability of declaratory injunction is not an appropriate basis to deny a writ to which the relator is otherwise entitled.' "

Because orders already existed disqualifying the Index Press, the court apparently believed that an injunction was needed to compel action on the part of the respondents. However, as we just noted, no disqualification order exists (or none has been alleged to exist) in the present case. Additionally, although DNI has asked for ancillary relief in the form of an injunction prohibiting the auditor from publishing legal notices in the Daily Court Reporter and the Dayton Voice until these publications qualify as newspapers of general circulation, what DNI actually seeks in this case is to prevent the auditor from publishing notices in the newspapers the auditor has chosen. Again, when the remedy being sought is prevention of action rather than compelling action, we lack jurisdiction to entertain the mandamus action.

■ As a further point, the auditor's action in choosing two newspapers other than DNI for the publication of notices is a matter of discretion. In this regard, the Ohio Supreme Court has indicated on numerous occasions that a writ of mandamus is not appropriate for the purpose of controlling an officer's discretion. See, *e.g.*, *State ex rel. Huntington Ins. Agency v. Duryee* (1995), 73 Ohio St.3d 530, 534, 653 N.E.2d 349, 353–354. DNI has attempted to overcome this barrier by relying on the following excerpt from *Deters*, which emphasized that "[w]hile a writ of mandamus may not be used to control the exercise of a public official's discretion within its proper bounds, e.g., *State ex rel. Murr v. Meyer* (1987), 34 Ohio St.3d 46, 47, 516 N.E.2d 234, 234–235, respondents have no discretion to deny relator the opportunity to publish legal notices in violation of R.C. 7.12." 56 Ohio St.3d at 144, 565 N.E.2d at 536.

Based on the language in this quotation, DNI argues that it is not trying to control the auditor's discretion, but is merely attempting, under *Deters*, to require the auditor to perform a nondiscretionary act, *i.e.*, to publish legal notices in a newspaper of general circulation.

Again, we believe *Deters* is factually and procedurally unlike the present case. In *Deters*, the respondents acted officially to label Index Press as a paper not of general circulation and to disqualify it from publishing legal notices. This disqualification was based on the Ohio Supreme Court's prior ruling in *Record Publishing Co. v. Kainrad* (1990), 49 Ohio St.3d 296, 551 N.E.2d 1286, which had been interpreted by many as precluding legal newspapers from being classified as newspapers of general circulation under R.C. 7.12. The reason for this exclusion was the court's belief that legal newspapers were not the type of paper the general public reads for "news of 'passing events.'" 56 Ohio St.3d at 142, 565 N.E.2d at 534. Since use by the general public was one of the statutory requirements for a publication to be deemed a newspaper of general circulation under R.C. 7.12, the court found that legal newspapers would not qualify.

After the decision in *Record Publishing Co.*, problems ensued because much of the legal community misinterpreted it to mean that all legal newspapers were prohibited from publishing legal notices. In *Deters*, the Ohio Supreme Court acted to correct the misunderstanding, noting that legal newspapers that are designated as official publishers of court calenders are specifically exempted by R.C. 7.12 from the "news of passing events" requirement. Instead, such newspapers automatically qualify as newspapers of general publication under R.C. 7.12. Thus, in *Deters*, the Index Press automatically qualified as a newspaper of general circulation because it had been designed as the official publisher of court calendars for the Hamilton County Common Pleas Court and the Municipal Courts. Accordingly, the Ohio Supreme Court found that the respondents did

not have the discretion to deny Index Press the opportunity to publish legal notices.

As a statutory interpretation, this was an appropriate finding. However, the court's statement about lack of discretion does not mean that officials are stripped of the ability to choose between publishers if several exist; it simply means that officials lack discretion to disqualify a publisher from having even an *opportunity* to be chosen if the publisher automatically qualifies as a newspaper of general circulation under the statute.

Based on *Deters*, if DNI had been designated as an official publisher of court calendars but had been disqualified by the auditor or other officials from having a chance to publish legal notices, then a mandamus action would be appropriate. Similarly, a mandamus action could possibly be maintained if the auditor had acted officially to disqualify DNI as a newspaper of general circulation, thereby preventing DNI from ever being considered as a publisher. However, these situations did not occur. Neither the auditor nor any other official has disqualified any newspaper from publishing legal notices. To the contrary, the auditor has merely chosen two publishers from among three competing newspapers.

■ As a final matter, DNI has failed to establish the lack of an adequate remedy. In this context, DNI once again argues that the present case is like *Deters* and that a declaratory judgment alone would not provide DNI with an adequate remedy. As we mentioned earlier, the reasons for allowing a mandamus action in *Deters* are not present here. Furthermore, DNI has failed to convincingly illustrate why a declaratory judgment action would not afford a complete remedy. We note that in *Record Publishing Co.*, 49 Ohio St.3d 296, 551 N.E.2d 1286, the Record Publishing Company filed a declaratory judgment action, asking for a declaration that a competitor, the Legal News, did not meet the requirements of R.C. 7.12, *i.e.*, that the Legal News was not a newspaper of general circulation. The case eventually progressed to the Ohio Supreme Court, where the court held, among other things, that the Legal News was not a newspaper of general circulation. *Id.* at 301, 551 N.E.2d at 1290–1291. Given the similarity of the issues in *Record Publishing Co.* to those in the present case, we could hardly conclude that a declaratory judgment action is an inadequate forum for resolving DNI's concerns.

Based on the preceding discussion, respondent's motion to dismiss is granted. In view of this ruling, the motion for sanctions is without merit and is overruled.

*So ordered.*

FREDERICK N. YOUNG, P.J., BROGAN and WOLFF, JJ., concur.