JOURNAL ENTRY
A taxpayer's Complaint was filed herein on July 6, 1998 pursuant to R.C. 309.12 seeking to enjoin the Board of Columbiana County Commissioners and Auditor of Columbiana County, Ohio from making payments to CiviGenics, Inc., private operator of the Columbiana County Correction Facility, so long as felons were housed at such facility.
Plaintiff alleges that Defendants are in violation of R.C. 341.35, which permits such management agreement "if the facility is used to house only misdemeanant inmates."
On August 3, 1998, Defendants filed an Answer admitting several averments in the Complaint, denying others and asserting multiple defenses. Additionally, Defendants asserted that this Court lacks jurisdiction over this action. In support of this defense, Defendants filed a motion to dismiss on September 4, 1998, arguing that the relief requested is injunctive in nature and this court lacks constitutional authority under Article IV, Section 3 of the Ohio Constitution to decide a complaint for injunction. Defendants further argue that the mere labeling of a complaint in mandamus is insufficient when the real relief sought is injunctive in nature. State ex rel. Pressley v. Indus. Comm. ofOhio (1967), 11 Ohio St.2d 141 (syllabus 4).
In response, Plaintiff filed a Motion to Amend Complaint on September 21, 1998. The amended complaint is a recitation of the original complaint with an additional paragraph 10 as follows:
 "10. Columbiana County does not fund or operate a separate jail facility that is permitted by the Revised Code to house felons, nor does it provide for the housing of felons in a facility operated by another governmental agency."
The prayer for relief in the amended complaint is for an order terminating the management contract and ordering the County Commissioners to resume operation of the county correctional facility so long as felons are housed therein. Plaintiff avers that convicted felons awaiting transport to prison, as well as persons awaiting trial on felony charges, are housed in the privately run facility, contrary to statute.
On October 13, 1998, Defendants filed a memorandum opposing leave to amend and reasserted their motion to dismiss for want of jurisdiction.
Subsequently, on October 15, 1998 Plaintiff filed its further reply explaining that the true relief sought is to mandate the housing of felons in a facility operated by Columbiana County as required by law. This cause now comes on for decision on Defendant's motion to dismiss for want of jurisdiction.
Article IV, Section 3(B)(1) of the Ohio Constitution vests courts of appeals with jurisdiction in the following causes of action:
"(a) Quo warranto;
(b) Mandamus;
(c) Habeas Corpus;
(d) Prohibition;
(e) Procedendo;
 (f) In any cause on review that may be necessary to its complete determination."
Essential to a determination of whether the underlying action is a proper one in mandamus turns on the legal definition of "enjoin." In its ordinary definition "enjoin" means "to direct or order (someone) to do something"; 2. "to prescribe (a course of action) with authority or emphasis"; 3. "To prohibit or restrain by an injunction." Webster'sEncyclopedic Unabridged Dictionary, Copyright 1989, Random House Co.
As defined in R.C. 2731.01:
 "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."
The operative part of the definition is commanding the performance of an act which the law enjoins as a duty.
In the prosecution of actions in mandamus it has become universally accepted that the focal point of mandamus is to compel action, the performance of an act specifically required by law for a particular office trust or station. It is not to restrain a party from taking action required by law. We find that the use of the word "enjoin" in the mandamus statute can only be rationally interpreted to mean doing something required by law. This interpretation is consistent with the prefatory phraseology "commanding the performance of an act" found in the statute. Thus, a writ of mandamus will issue only if a party can demonstrate that a Respondent (Defendant) is failing to perform a duty required of his office.
In his amended complaint, Plaintiff avers at paragraph 1 that:
 "1. This action is brought pursuant to Ohio Revised Code Sec. 309.12 et seq. to enjoin operation of a contract the operation of which is in contravention of law."
Obviously, in this context "enjoin" means to prevent or prohibit.
Pursuant to R.C. 309.12 the county prosecuting attorney, if satisfied that county funds have been misapplied, may "* * * apply to a court of competent jurisdiction, to restrain such contemplated misapplication of funds, or the completion of such illegal contract * * *." Should the prosecuting attorney fail to institute proceedings, a taxpayer may initiate such suit pursuant to R.C. 309.13.
 Established case law holds that the remedy for the illegal expenditure of public funds is injunctive relief. As noted in State ex rel. Jones v. Bd. of Commrs. (1997), 124 Ohio App.3d 184 at 188:
 "R.C. 309.13 authorizes the issuance of an injunction as a remedy for the illegal expenditure of public funds. See Pincelli v. Ohio Bridge Corp. (1966), 5 Ohio St.2d 41, 34 O.O.2d 55, 213 N.E.2d 356."
Clearly, the remedy provided by R.C. 309.13 is through an action for injunction, not an original action in this court. As stated in Headnote 4 to State ex rel. Pressley v. Industrial Commission (1967),11 Ohio St.2d 141:
 "4. Where a petition filed in the Supreme Court or in the Court of Appeals is in the form of a proceeding in mandamus but the substance of the allegations makes it manifest that the real object of the relator is for an injunction, such a petition does not state a cause of action in mandamus and since neither the Supreme Court nor the Court of Appeals has original jurisdiction in injunction the action must be dismissed for want of jurisdiction. (State, ex rel. Stine v. McCaw, 136 Ohio St. 41; State, ex rel., v. Hahn, 50 Ohio St. 714; State, ex rel. Libbey-Owens-Ford Glass Co., v. Industrial Commission, 162 Ohio St. 302, approved and followed.)"
Availability of the legal remedy of injunction is grounds for dismissal of a complaint in mandamus. It is well established that in order to be entitled to a writ of mandamus the complaining party must demonstrate the following prerequisites: "(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the requested act, and (3) that relator has no plain and adequate remedy at law." State ex rel. Dayton Newspapers, Inc. v. Wagner (1988),129 Ohio App.3d 271 . In addition, as stated in Wagner, supra at page 273:
 "* * * the complaint must be scrutinized to see if the relator actually seeks to prevent rather than compel official action. If what is really being sought is an injunction, the mandamus complaint must be dismissed for lack of jurisdiction."
In the case sub judice, Plaintiff is seeking an order to terminate the contract between the Board of County Commissioners and CiviGenics, Inc. for the operation of the county correctional facility as long as felons are housed in such facility. The relief requested is to enjoin operation of the contract. The remedy is through injunction, not the extraordinary remedy of mandamus. We grant the motion to dismiss for want of jurisdiction.
By granting Defendant's motion to dismiss, we are not passing judgment on the merits of Plaintiff's complaint. This ruling is limited to a finding that the facts averred and relief requested are stating a cause of action for injunction, not the extraordinary remedy of mandamus.
Complaint dismissed. Costs of this action taxed against Plaintiff. Final order. Clerk to serve notice as provided by the Civil Rules.
Donofrio, J., concurs.
Vukovich, J., concurs.
Waite, J., concurs.