**[Cite as *State ex rel. Dayton Legal News, Inc. v. Drubert*, 2012-Ohio-564.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| | : | Appellate Case No.   24825 |
| STATE OF OHIO, EX REL., DAYTON | : | |
| LEGAL NEWS, INC., dba DAILY COURT | : | |
| REPORTER | : | |
| | : | |
| *Relator* | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES W. DRUBERT, IN HIS OFFICIAL | : | |
| CAPACITY      AS      COURT | : | |
| ADMINISTRATOR,      MONTGOMERY | : | |
| COUNTY COMMON PLEAS COURT, et | | |
| al. | | |
| | | |
| *Respondent*s | | |

---

**DECISION AND FINAL JUDGMENT ENTRY**
February  1st  , 2012

---

PER CURIAM:

{¶ 1}   On September 22, 2011, Relator, Dayton Legal News, Inc., dba Daily Court Reporter, filed a complaint for a writ of mandamus.   Relator seeks a writ from this Court compelling Respondents the Administrative Judges of the courts of record in Montgomery County, Ohio, and James Drubert, Court Administrator of the Montgomery County Common Pleas Court, "to withdraw the Entry and Order that was journalized August 22, 2011 in the Common Pleas Court

of Montgomery County, Ohio and Municipal Courts situated in Montgomery County, Ohio and which was captioned 'In re: Designation of Official Law Journal; Publication Fees for Official Law Journal,' and further compelling [the respondents] to designate Relator as the daily law journal of the Common Pleas Court of Montgomery County, Ohio and Municipal Courts situated in Montgomery County, Ohio."[1]

{¶ 2}  This Court has permitted Cox Media Group Ohio, the publisher of the *Daily Law Journal*, to intervene as a respondent in this matter.

{¶ 3}  Relator argues that its publication, the *Daily Court Reporter*, must be designated as the official daily law journal of the courts of record in Montgomery County, pursuant to R.C. 2701.09.   That section of the code states:

> In any county in which a daily law journal is printed, the judges of the courts of record, other than the court of appeals, shall jointly designate such daily law journal as the journal in which shall be published all calendars of the courts of record in such county, which calendars shall contain the numbers and titles of causes, and names of attorneys appearing therein, together with the motion dockets and such particulars and notices respecting causes, as may be specified by the judges, and each notice required to be published by any of such judges.

> In all cases, proceedings, administrations of estates, assignments, and matters pending in any of the courts of record of such counties in which legal notices or advertisements are required to be published, such law journal shall, once a week and

---

[1]Excluded as a court of record is the Court of Appeals of Montgomery County, Ohio.

on the same day of the week, publish an abstract of each such legal advertisement, but the jurisdiction over, or irregularity of, a proceeding, trial, or judgment shall not be affected by anything therein.

For the publication of such calendars, motion dockets, and notices, the fees for which are not fixed by law, the publisher of the paper shall receive a sum to be fixed by the judges for each case brought, to be paid in advance by the party filing the petition, transcripts for appeal, or lien, to be taxed in the costs and collected as other costs. For the publication of abstracts of legal advertising such publisher shall receive a sum to be fixed by the judges for each case, proceeding, or matter, in which such advertising is had, to be taxed and collected as a part of the costs thereof.

{¶ 4} Respondents, respectively, have moved to dismiss the complaint for failure to state a claim in mandamus. This Court ordered Respondent Cox Media Group Ohio's motion to dismiss converted to a Civ.R. 56 motion for summary judgment on December 19, 2011. *See* Civ.R. 12(B) (providing that "[w]hen a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56."). To date, Relator has not filed a response to the motion for summary judgment.

{¶ 5} Preliminarily, the court shall address the "Motion of Intervenor Cox Media Group Ohio for a Demand for Judgment" filed on January 17, 2012. Cox Media Group Ohio contends that judgment must be entered in its favor because Relator has failed to present any memorandum contra or evidence opposing Cox Media Group Ohio's motion for summary judgment.

{¶ 6} Pursuant to Civ.R. 56, summary judgment should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which conclusion is adverse to the nonmoving party. *State ex rel. Shelly Materials v. Clark Cty. Bd. of Commrs.*, 2d Dist. Clark No. 2003-CA-72, 2005-Ohio-6682, at ¶ 5.

{¶ 7} The Supreme Court of Ohio has stated that "even where the nonmoving party fails completely to respond to the motion, summary judgment is improper unless reasonable minds can come to only one conclusion and that conclusion is adverse to the nonmoving party." *Morris v. Ohio Cas. Ins. Co.*, 35 Ohio St.3d 45, 47, 517 N.E.2d 904 (1988), citing *Toledo's Great Eastern Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc*., 24 Ohio St.3d 198, 201-02, 494 N.E.2d 1101 (1986). Here, the burden is upon Cox Media Group Ohio to establish the non-existence of any material factual issues. *Id*. Consequently, the lack of a response by Relator cannot, of itself, mandate the granting of summary judgment. *Id*. The "Motion of Intervenor Cox Media Group Ohio for a Demand for Judgment" is OVERRULED.

Writ of Mandamus

{¶ 8} For a writ of mandamus to issue, Relator must show (1) that it has a clear legal right to the relief prayed for, (2) that Respondents are under a clear legal duty to perform the requested act, and (3) that Relator has no plain and adequate remedy at law. *State ex rel. Dayton Newspapers, Inc. v. Wagner*, 129 Ohio App.3d 271, 273, 717 N.E.2d 773 (2d Dist. Montgomery 1998). Where the substance of the relator's allegations demonstrates that its true object is for a prohibitory injunction, the mandamus complaint must be dismissed for lack of jurisdiction. *State ex rel. Stamps v. Automatic Data Processing Bd. of Montgomery Cty.*, 42 Ohio St.3d 164, 166, 538 N.E.2d 105 (1989), citing *State ex rel. Pressley v. Indus. Comm*., 11 Ohio St.2d 141, 228 N.E.2d

631 (1967). This Court must scrutinize the complaint to determine if the relator actually seeks to prevent rather than compel official action. *Wagner* at 273.

{¶ 9} In *Wagner*, Dayton Newspapers, Inc. ("DNI"), sought mandamus relief via an order directing the Montgomery County Auditor to publish a delinquent personal and classified property tax list and a preliminary display notice of the list in a newspaper of general circulation. *Id*. at 272. DNI conceded that the auditor published the tax list and display notice in the *Daily Court Reporter*, i.e., the publication of Relator in this action, and the *Dayton Voice*. *Id*. However, the newspaper argued in its complaint that the *Daily Court Reporter* and the *Dayton Voice* were not "newspapers of general circulation" as that term is statutorily defined. *Id*. Thus, the true object of DNI's complaint was a determination as to whether the newspapers selected by the auditor were "newspapers of general circulation." *Id*. at 273.

{¶ 10} This Court found such a determination not to be the proper subject for an action in mandamus. *Id*. Effectively, DNI sought to prevent the auditor from placing legal notices in the *Daily Court Reporter* and the *Dayton Voice*. *Id*. We equated this to seeking a prohibitory injunction, where DNI was attempting to prevent rather than compel official action. *Id*. at 274.

{¶ 11} An examination of the complaint presently before the court shows that Relator wants us to prevent Respondents Administrative Judges and James Drubert, Court Administrator, from designating the *Daily Law Journal*, published by Respondent Cox Media Group Ohio, as the daily law journal of the courts of record of Montgomery County. As in *Wagner*, Respondents here have already acted. By virtue of the August 22, 2011 Entry and Order, Respondents set forth that the *Daily Law Journal* "shall be the official law journal of the Courts of

record, other than the Court of Appeals in Montgomery County, Ohio, as authorized by Section 2701.09 of the revised Code." The order went into effect on October 1, 2011 and shall continue until September 30, 2016. There is no official action for us to compel. In this Court's opinion, Relator's complaint ultimately raises one issue – whether the *Daily Law Journal* is a "daily law journal" as that term is defined in R.C. 2701.09. Mandamus is not the proper vehicle to resolve this issue. *Wagner* at 273. Accordingly, Relator's complaint must be dismissed.

{¶ 12} Despite its argument to the contrary, Relator appears to have a complete remedy at law by way of a declaratory judgment action. *Id.* at 276. *See, also*, *Record Publishing Co. v. Kainrad*, 49 Ohio St.3d 296, 551 N.E.2d 1286 (1990) (resolving an issue initially alleged in a complaint for declaratory judgment as to whether a newspaper published once a week as a law journal satisfied the definition of a "daily law journal" in R.C. 2701.09). "The writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law." R.C. 2731.05.

{¶ 13} For the reasons stated above, the court finds that Relator has failed to state a claim that would entitle it to relief in mandamus. The motions to dismiss filed by Respondents the Administrative Judges of the courts of record in Montgomery County, Ohio, and James Drubert, Court Administrator of the Montgomery County Common Pleas Court, are SUSTAINED.

{¶ 14} Likewise, Respondent Cox Media Group Ohio has demonstrated that it is entitled to judgment as a matter of law. Cox Media Group Ohio's motion for summary judgment is SUSTAINED.

{¶ 15} The complaint for a writ of mandamus is DENIED.

{¶ 16} SO ORDERED.

_____THOMAS J. GRADY, Presiding Judge

_____MIKE FAIN, Judge

_____JEFFREY E. FROELICH, Judge

     To The Clerk: Within three (3) days of entering this judgment on the journal, you are directed to serve on all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal, pursuant to Civ.R. 58(B).

THOMAS J. GRADY, Presiding Judge

Copies to:

John A. Cumming
Maureen Yuhas
301 W. Third Street, 5th Fl.
Dayton, Ohio 45422

John C. Musto
101 W. Third Street
P.O. Box 22
Dayton, Ohio 45401

David L. Eubank
James P. Silk, Jr.
Lisa E. Pizza

City of Kettering Law Department
3600 Shroyer Road
Kettering, Ohio 45429

K. Phillip Callahan
101 N. First Street
Miamisburg, Ohio 45342

Michael W. Sandner
2700 Kettering Tower
Dayton, Ohio 45423
Four SeaGate, Ste. 400
Toledo, Ohio 43604

Robert P. Bartlett, Jr.
Martin A. Foos
Andrew J. Reitz
500 Courthouse Plaza, SW
10 N. Ludlow Street
Dayton, Ohio 45402

Wayne Waite
Matthew DiCicco
One S. Main Street, Suite 1800
Dayton, Ohio 45402

CA3/JN